[No. 7,079.—Department One.]

## J. C. ZUCK v. J. D. CULP.

DEPOSIT—CONFLICT IN THE EVIDENCE—WITNESS—ESTOPPEL—ACCOUNT STATED.—In an action by a surviving partner upon an alleged account stated, the Court found that the defendant deposited with the plaintiff's firm certain moneys which had not been accounted for, and it was not disputed that if the defendant's testimony was to be believed the finding was correct; but it was claimed that as plaintiff was made a witness on behalf of the defendant and testified to the contrary, the latter was estopped from discrediting his statements; and it was also claimed that a certain item in the account stated sustained the testimony of the plaintiff.

*Held:* It was for the Court below to determine the credibility of each witness, by whomsoever he might be called to the stand; and the item in the account stated, even if interpreted as claimed by the plaintiff, was only evidence tending to show an admission by the defendant. Taking the statements of plaintiff and the evidence of the charge in the account on the one hand, and the positive testimony of defendant on the other, there remains a substantial conflict in the evidence, and the finding ought not to be disturbed.

ID.—STATUTE OF LIMITATIONS—EXPRESS TRUST.—If moneys were deposited by defendant with the firm of which plaintiff is surviving partner, to keep for defendant until demanded, the transaction constituted an express trust, and the Statute of Limitations did not commence running until demand.

APPEAL from a judgment for the defendant and an order denying a new trial in the Second District Court, County of Santa Clara. BELDEN, J.

The action was by the plaintiff, as surviving partner of the firm of Zuck & Hoover, to recover a balance alleged to be due upon an account stated. The plaintiff being called by the defendant, testified that the one thousand six hundred dollars referred to in the opinion had been charged in the accounts of the firm against the defendant for services in organizing the corporation referred to, and further testified, on cross-examination, that by agreement with the defendant, the firm were to receive from the defendant, for their services in this particular, one thousand and fifty dollars and fifty shares of stock. The defendant testified that he had no agreement with the firm at all, but with Hoover only, and that under the agreement the latter was to receive fifty shares of stock in full of all his services, and further, to prove this fact, he read in evidence the account stated between Culp and Hoover referred to in the opinion, in which account was the following credit in favor of Hoover: "By amount paid Zuck and Hoover commissions on sales of P. T. M. Co.'s stock due from Hoover, $1,200"—the P. T. M. Co. being the corporation referred to.

*Wheeler & Hoover*, and *McClure, Dwinelle & Plaisance*, for Appellant.

*Pringle & Hayne*, for Respondent.

The COURT:

The second finding of the trial Court reads as follows:

"As to the cause of action of defendant against plaintiff, set forth in the counter-claim of defendant for one thousand six hundred dollars, which counter-claim is set forth in the subdivision of defendant's ' answer and cross-complaint,' designated as II., and the amendment thereto filed at the trial, the Court finds the following to be the facts, viz.: That from the year A. D. 1871, until the 30th day of June, A. D. 1874, there existed a firm or partnership, under the name and style of Zuck & Hoover, which said partnership consisted of J. C. Zuck, the plaintiff, and one W. L. Hoover; that on the 30th day of June, A. D. 1874, the said W. L. Hoover died, and that ever since then the plaintiff has been the sole surviving partner of said firm; that for a long period of time before the death of said Hoover the said firm of Zuck & Hoover were the agents, attorneys, and bankers of the defendant, J. D. Culp; that at various times before the death of said W. L. Hoover, the defendant deposited with the said firm of Zuck & Hoover large sums of money, largely exceeding in all the sum of one thousand six hundred dollars, in trust, to keep for the defendant until demanded; and that said firm promised so to keep said moneys in trust for said Culp; that said firm, without the knowledge or consent of defendant, appropriated the sum of one thousand six hundred dollars, deposited with them by defendant as aforesaid; now, claiming that said sum was due to them as part compensation.for services pretended to have been rendered to defendant in organizing and incorporating a certain corporation in which defendant was interested; that no such services were ever rendered by said firm to said defendant; and that said firm had no right to appropriate the said sum of one thousand six hundred dollars, or any part thereof, out of the money. so deposited with them as aforesaid, and that defendant never consented thereto, and that no part of said sum of one thousand six hundred dollars has ever been paid to defendant. The defendant never demanded said sum of said firm, or of plaintiff, the said surviving partner, until within a year before the filing of his said 'answer and cross-complaint;' that at the time of such demand plaint-

iff repudiated said trust, and refused and still refuses to pay defendant the said sum of one thousand six hundred dollars or any part thereof; that the said counter-claim arose out of and was connected with the transaction and account alleged in the complaint to have been stated between said firm and the defendant; and the Court finds that the cause of action set forth in said counter-claim is not barred by the provisions of section 337 of the Code of Civil Procedure, nor by the provisions of section 338 of the Code of Civil Procedure, or any of its subdivisions, nor by the provisions of section 339 of said Code, or any of its subdivisions, nor by the provisions of section 343 of said Code, nor by the provisions of any section of said Code relating to the limitations of actions."

Appellant insists that the finding is not sustained by the evidence. It is not disputed that if the defendant's testimony is to be believed, the finding is correct. It is said, however, as plaintiff was made a witness on behalf of defendant, the latter is estopped from discrediting his statements. It was for the Court below to determine the credibility of each witness, by whomsoever he might be called to the stand. The item in the account stated between Culp & Hoover with reference to the one thousand two hundred dollars, is ambiguous; but even if it be interpreted as claimed by appellant, it is only evidence tending to show an admission by defendant. Taking the statements of plaintiff and the evidence of the charge in the account to which we have referred on the one hand, and the positive testimony of defendant on the other, there remains a substantial conflict in the evidence, and we ought not to disturb the finding.

The third finding reads as follows:

"As to the cause of action set forth in the cross-complaint of defendant against plaintiff, which cross-complaint is set forth in the subdivisions of defendant's 'answer and cross-complaint,' designated as VI. and the amendment thereto filed at the trial, the Court finds the following to be the facts, viz.:

"That from the year A. D. 1871, until the thirtieth day of June, A. D. 1874, there existed a firm or partnership under the name and style of Zuck & Hoover, which said partnership consisted of J. C. Zuck, the plaintiff, and one W. L. Hoover;

that on the thirtieth day of June, A. D. 1874, the said W. L. Hoover died, and that since then the plaintiff has been the sole surviving partner of said firm; that for a long period of time before the death of said Hoover, the said firm of Zuck & Hoover were the agents, attorneys, and bankers of the defendant, J. D. Culp; that at various times before the death of said W. L. Hoover, the defendant deposited with the said firm large sums of money, greatly exceeding the sum of twenty thousand dollars, in trust, to keep for the defendant until demanded; and that the said firm of Zuck & Hoover promised to keep said moneys in trust for said Culp; that at all of said times said firm of Zuck & Hoover were the agents and bankers of the Consolidated Tobacco Company, a corporation; and that at all of said times the defendant Culp and the Consolidated Tobacco Company each had large sums of money on deposit with the said firm of Zuck & Hoover; that said Culp, at said times, was the superintendent of the growing of the tobacco of said company, but that the money which he had on deposit with the said firm of Zuck & Hoover was his, the said Culp's own private money, not connected in any way with the funds of said company, and that said firm of Zuck & Hoover had due notice and knowledge thereof; that it was the duty of said firm to have kept their accounts with the said Culp separate and apart from their accounts with the said company; but that said firm, during said times, wrongfully and unlawfully, and improperly, and against the direction of said Culp, intermingled and mixed their accounts with said company with their accounts with said Culp, and frequently improperly charged the said Culp with moneys paid out by said firm for said company, so that it was, and is, in many cases impossible to tell whether items charged against the said Culp were properly charged against him, or whether they should have been charged against said company; that the items charged against the said Culp, referred to and set forth in the paper marked 'Exhibit A,' annexed to the 'answer and cross-complaint' of defendant, and referred to in said cross-complaint, and made a part thereof, were each and all company items, and should have been charged against said company and not against said Culp, but that all of said items so charged against said Culp, except the one hereinafter mentioned, were balanced

and set off by the items in said 'Exhibit,' and other accounts improperly credited to said Culp, which items should have been credited to said company; in other words, that although said Culp was improperly charged with said company items, he was improperly credited with certain company moneys, which improper credits set off and balanced the improper charges except as follows, viz.

"The item contained in said exhibit under date of November 24th, of one thousand dollars, paid to Green Hanna, was a company item and should have been paid for with company money, it having been for tobacco sold and delivered by said Hanna to said company; but the said sum was paid for by Zuck & Hoover, without said Culp's knowledge or consent, with said Culp's private funds, and was charged, and was admitted and asserted by plaintiff at the trial, to have been charged against said Culp as money paid for his private account, and not for the account of the company; said improper charge was not offset or balanced by any credit to said Culp of company money, except as to three hundred and twenty dollars before stated; that neither the said firm of Zuck & Hoover, nor plaintiff, nor any one, has ever paid to said Culp the said sum of one thousand dollars, nor any part thereof; and that said sum and interest thereon remain wholly unpaid; that defendant never demanded said sum of one thousand dollars of said firm, nor of plaintiff, the surviving partner thereof, until within a year before the filing of his said 'answer and cross-complaint;' that at the time of such demand plaintiff repudiated said trust, and refused and still refuses to pay defendant the said sum of one thousand dollars, or any part thereof, or any interest thereon; that the said demand set up in said cross-complaint arose out of and was connected with the transaction and account alleged in the complaint to have been stated between the firm of Zuck & Hoover, and the defendant, and defended upon the accounts and transactions upon which the action was brought; and the Court further finds, that the cause of action set forth in the said cross-complaint, is not barred by the provisions of section 338 of the Code of Civil Procedure, or any of its subdivisions, nor by the provisions of section 343 of said code, or any of its sub-

divisions, nor by the provisions of any section of said code relating to the limitation of actions."

We shall assume, without deciding it, that there is a sufficient specification in the statement on motion for a new trial, of a deficiency in the evidence to justifiy the finding, in so far as it finds that the one thousand dollars paid Green Hanna should have been paid out of moneys of the tobacco company, and not out of the individual moneys of defendant.

Defendant swears that he bought the one thousand dollars worth of tobacco from Hanna for the tobacco company. Green Hanna swears he sold the tobacco to the company, and that it was delivered at the warehouse and to an agent of the company. It does not appear that defendant was purchasing tobacco on his personal account. The fact proved by plaintiff, that the bill of sale ran from Hanna to Culp, constituted at the most only a probative circumstance tending to prove that the purchase was by defendant for himself.

If moneys were deposited by defendant with the firm of which plaintiff is surviving partner, as found by the Court, "to keep for defendant until demanded" (a finding which there is evidence in the transcript to sustain), the transaction constituted an express trust, and the statute of limitations did not commence running until demand. The finding with reference to the statute is, therefore, correct.

Order affirmed.