## HINTON vs. LAW, ET AL.

On part owner of a boat cannot sue the others at law for services rendered by him as clerk, under employment by the captain, also a part owner.

### ERROR to Howard Circuit Court.

HAYDEN, *for Plaintiff in error, insists :*

1. That Raymond, the master and captain of the boat, *as such*, was authorized to employ a clerk, to render services for the owners of the boat whilst engaged in their service in its navigation of our rivers, and to settle with him for such services, as the agent of the owners, so as thereby to bind them, in like manner as if they had employed the clerk in their own proper persons. See the following authorities: Collyer on Partnership, page 681; Story on Partnership, sections 40, 41, 418, 419 to 452; see Story on Agency, secs. 119, 120.

2. That Raymond having settled the account of Hinton, the plaintiff, for his services as clerk upon the boat, and having given the due bill or note read in evidence upon the trial of the cause, for the sum of money due him, is binding upon the defendants as part owners of said boat, and that they are liable in this action to plaintiff therefor. See 7 Bingham's Rep., 709; Helm vs. Smith, (reported in 20th Eng. Com. Law Reps., p. 301) Collyer on Partnership, 681; 1 Bell's Com., 411; see 1 Dana's Ky. Rep., 68 to 74, Allen ex'r, &c., vs. Shad'r. Burris's representatives; 7 Mo. Rep., 563, Muldrow vs. Caldwell; see Collyer on Partnership, p. 147, 153, inclusive; 1 Chitty, 10, 11; 1 Sand. Rep., 290, 291, Cabell vs. Vaughn.

DAVIS, SHACKELFORD & CLARK, *for Defendant in error, insist:*

1. That no action at law can be supported by the plaintiff, the promise being made to him by himself and others. See Washburn's Digest of Vermont Reps., 557, and cases there referred to; Gow on Partnership, 119; 2 Bos. & Pul., 120.

2. The plaintiff and defendant were partners in the profits and losses of the boat, and no action at law will lie by one against the others 'till a settlement of their partnership accounts shall have taken place. See Stothart vs. Knox, 5 Mo. R., 112; Gow, 73, 74; Story on Part., 550-1.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by the plaintiff in error against

the defendants in error for services rendered as clerk of the steamboat Iatan. It appeared in evidence that the plaintiff and defendants were the owners of the boat on which the services were rendered for which this suit was brought; that the boat was employed in the navigation of the Missouri river; that the master and captain of the boat, who was also a part owner, employed the plaintiff as clerk. The plaintiff commenced his services in June, 1844, and continued employed until the 29th November following, about which time he sold his interest in the boat to the captain. At the time of the sale, the captain settled the account of the plaintiff with him for his services as clerk, and found the amount thereof to be the sum of $360, for which he executed to him his due bill in the following form:

"$360. New Orleans, 29th November, 1844, due John Hinton, payable on demand, three hundred and sixty dollars, for value received.

WM. RAYMOND, *Capt.*

S. Boat *Iatan*."

Raymond, the captain, is not a party to this suit. The boat had done an unprofitable business. Under these circumstances, the court, in effect, instructed the jury that the plaintiff was not entitled to recover.

The question presented by the record is, whether Hinton, the plaintiff, being concerned as an owner in the boat, can maintain an action at law against the other owners.

All consideration of the due bill executed by Raymond to the plaintiff must be thrown out of the case, as Raymond is no party to the suit, and as his authority, if he had any, to settle with Hinton, was not executed in such a manner as to bind the defendants. The case of Byrne vs S. B. Elk, 6 Mo. R., 555, is no authority that notes of the character of that now considered is any evidence in this form of action.

No principle is better settled than that, between partners, no account can be taken at law. The rule has its origin in this principle that before an action can be brought for any particular item, the partnership account must be taken, with a view to ascertain whether that item has been affected in any and what degree by the intermediate gains or losses of the partnership business; and as it would be utterly impracticable for a jury to take such an account, a court of law has not the means in its power of administering substantial justice. In the case of Holmes vs. Higgins, 8 Com. Law Cond. Rep., it was held that a number of persons associating together and subscribing sums of money for the purpose of obtaining a bill in Parliament to make a railway, were partners in the undertaking, and therefore a subscriber, who acted as their surveyor, could not main-

tain an action for work done by him in that character, on account of the partnership, against all or any of the subscribers.

The case of Helm vs. Smith, 20 Com. Law Cond. Rep., 300, is relied on by plaintiff, in which it was maintained that a part owner of a ship is not necessarily a partner; therefore, a part owner, who, as ship's husband, incurs the expense of the outfit, may sue the other part owners seperately for their respective shares of the expense. In that case, the court lays stress upon its not appearing that the part owners were partners; that they were not necessarily such. Here it appears that the plaintiff and defendants were the joint owners of the boat, employed in the navigation of the Missouri river. The nature of such employment is well known, and the case of Hewitt vs. Sturdevant, 4 B. Mon., 459, is an authority to show that the parties concerned in the navigation of this boat were partners. The case of Wood vs. Steamboat Fort Adams and owners, 6 Martin's Lou. Rep., 82, N. S., is in point to sustain the ruling of the court below, and contains a vindication of the justice of the rule which prohibits an action growing out of a particular item of the partnership, by one partner against another, until a full account of the partnership has been taken. Judge McBride concurring, the judgment will be affirmed.