## TERRY v. SICKLES.

WHERE, in suit on an account stated, the only evidence was that of a witness who said defendant, on presentation of the account, admitted it to be correct and promised to pay it, and the Court charged the jury that, if they believed the testimony of the witness, they must find for plaintiff the amount claimed; and they so found. *Held:* That the instruction did not prejudice defendant, as but one verdict could have been rendered under the evidence.

To sustain an action on an account stated, it must be shown there was a demand in favor of plaintiff acceded to by defendant. And if defendant does not object to the account as presented, within a reasonable time, his silence will be an admission of its correctness.

In such action evidence that the items of the account are overcharged is not admissible, the complaint being verified, and the answer not averring fraud or mistake in the accounting.

*Query:* Whether such evidence would be admissible under a general denial if the pleadings were not verified?

Where the pleadings are verified, every matter of defense, not directly responsive to the allegations of the complaint, must be set up in the answer.

APPEAL from the Twelfth District.

Action on an account stated. Complaint and answer verified. The answer admits the purchase of the goods, as stated in the complaint, and avers that defendant agreed to pay fair market price. Denies that there ever was an account stated in which the balance alleged, or any balance, was found due plaintiff;

denies that he ever promised to pay, or that, on a just account-
ing, defendant is indebted to plaintiff in the sum claimed.

On the trial, plaintiff introduced a witness who testified in
substance, that, as agent of plaintiff, he presented the account
sued on to defendant, who examined it for some time, and said
it was correct; but that there were arrangements for settling it
in New York, and that if witness did not soon get advices that
it was so settled, he defendant, would settle it with witness.
Witness identified the account, and it was given in evidence.

Plaintiff closed. Defendant offered in evidence the original
accounts furnished by plaintiff, of which the account in evidence
is a summary, showing what the articles were, and the prices
charged, and then offered to prove that the articles were charged
at more than fair market value. The evidence was ruled out,
on objection, defendant excepting. Case closed.

The Court instructed the jury, that if they believed the testi-
mony of the witness, Belknap, in relation to the stating of the
account, they must find for the plaintiff the amount claimed.

Verdict for plaintiff; judgment accordingly. Defendant ap-
peals.

*Crockett & Crittenden,* for Appellant.

I. The instruction was wrong : 1st. The witness did not
prove any such admission by the defendant, of a balance due,
as would entitle the plaintiff to recover on an account stated.
(Chitty on Cont. 562, and cases cited; 2 Greenl. Ev. Sec. 926,
and cases cited.) 2d. And whether he did prove such an admis-
sion was a question of fact for the jury. (2 Bouv. Law Dic. 519;
*Porter* v. *Cooper,* 4 Tyrwhitt, 463—465; Const. Art. Sec. 17.)

II. The Court erred in refusing to allow the defendant to
give in evidence the original accounts and to prove that the
goods were overcharged. (Chitty on Cont. 567, and cases cited;
2 Greenl. Ev. Sec. 128; 5 Phil. Ev. 124; *Chappelaine* v. *Deche-
naux,* 4 Cranch, 306; *Waland* v. *Heson,* 7 Id. 237; *Perkins* v.
*Hart,* 11 Wheat. 237; *Barger* v. *Collins,* 7 Harr. and Johns. 213.)

To show fraud or mistake, it was not necessary to allege it in
the answer. A general denial under our system is equivalent to
the general issue at common law, and it is now settled that any
errors in an account stated, may be shown and corrected under

the general issue. (2 Greenl. Ev. Sec. 128, and cases cited; *Thomas* v. *Hawkes*, 8 Mees & W. 140.)

*George F. & William H. Sharp*, for Respondent.

1. There being no *conflict of testimony*, the instruction was right. (*Nichols* v. *Rich*, 16 Wend. 663; *Allen* v. *Hofman*, 2 Dana, 221.)

2. Appellant was not prejudiced. (*Dean* v. *Hewitt*, 5 Wend. 257; *Evans* v. *Spillman*, 6 B. Mun. 384.

3. The evidence offered for defense was inadmissible under the answer. (2 Greenl. Ev. Sec. 126; *Truman* v. *Hurst*, 1 Tenn. 126; *Dawson* v. *Remnant*, 6 Esp. 24.)

There were two opinions rendered in this case. The judgment is the same, but the opinions being different in some particulars, and both covering all the points in the case, the last only, delivered at the July Term, 1860, is inserted here. It was delivered by COPE, J.—FIELD, C. J. concurring.

We have examined the questions in this case, and are satisfied of the correctness of the former decision of this Court. The objection to the instruction given by the Court below is purely technical. The instruction could not have prejudiced the defendant. There was but one witness examined, and his testimony established every fact necessary to entitle the plaintiff to recover. Upon the evidence before them but one verdict could have been rendered by the jury, and we do not see how the instruction can be regarded as such an error as would justify a reversal.

In support of an action upon an *account stated*, it is necessary to show that there was a demand in favor of the plaintiff, which was acceded to by the defendant. But the admission of the correctness of the demand need not be express and in terms. If the account be sent to the debtor, and he do not object to it within a reasonable time, his acquiescence will be taken as an admission that the account is truly stated. "So," says Greenleaf, "if one item only is objected to, it is an admission of the rest. So, if a person is employed by both parties to examine the accounts in their presence, and he strikes a balance against one, which, though done without authority is not objected to, it is

sufficient proof of an account stated." (2 Green. Ev. Sec. 126.) In this case the account was presented to defendant, and he not only admitted its correctness, but promised to pay it.

The evidence in relation to the amount of the account was properly excluded. It is not alleged in the answer that there was any fraud or mistake in the original accounting. If the pleadings were not verified, the introduction of this evidence might have been proper under a general denial; but this point does not arise in the case, and we express no opinion in regard to it. In all cases where the pleadings are verified, every matter of defense not directly responsive to the allegations of the complaint must be set up in the answer.

Judgment affirmed.