[No. 9714.   Department Two. — April 20, 1888.]

## JOSHUA HENDY, RESPONDENT, v. W. F. MARCH, APPELLANT.

ACCOUNT STATED — IMPLIED ASSENT — INSTANCE. — The assent to an account necessary to make it an account stated may be implied.   Where an account was presented, and the party examined it, and made no objections for three months, held, to be an account stated.

ID. — MISTAKE — PLEADINGS. — An account stated is a contract; and while it can be attacked for mistake, in cases in which other contracts can be so attacked, the mistake must be put in issue by the pleadings.

PARTNERSHIP IN USE OF SHIP. — An agreement between part owners of a ship to use it in a joint enterprise, and share the profit and loss in certain

proportions, creates a partnership in the use of the ship, as distinguished from the ship itself.

ID. — STATUTE OF LIMITATIONS. — The statute of limitations does not run between partners until the accounts are settled and a balance agreed upon.

ID. — PLEADING — FINDING. — Where the statute of limitations is pleaded by the defendant, a finding as to matter which takes the case out of the statute is within the issues.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. H. Skirm,* and *John C. Hall,* for Appellant.

*W. H. H. Hart,* for Respondent.

HAYNE, C. — Action on an account stated. The court found that the account was stated as alleged. The defendant contends that the finding is not sustained by the evidence.

There being a substantial conflict, it must be assumed at this stage of the case that the version of the plaintiff's witnesses is the true one. According to them, the account was made up and presented to the defendant, who went over it with the expert, and "made no objections whatever to the account," from the time it was presented to him in August, 1881, "until after this suit was brought," which was on November 25th of the same year. This was a sufficient acquiescence from which to imply an assent. It seems to be well settled that the assent may be implied. In *Terry* v. *Sickles,* 13 Cal. 427, the court, per Cope, J., said: "If the account be sent to the debtor, and he does not object to it within a reasonable time, his acquiescence will be taken as an admission that the account is truly stated." In relation to this subject, Judge Story says: "It is sufficient if it has been examined and accepted by both parties, and this accept-

ance need not be express, but may be implied from circumstances. Between merchants at home, an account which has been presented and no objection made thereto after the lapse of several posts is treated, under ordinary circumstances, as being by acquiescence a stated account. Between merchants in different countries a rule founded in similar considerations prevails. If an account has been transmitted from the one to the other and no objection is made after several opportunities of writing have occurred, it is treated as an acquiescence in the correctness of the account transmitted, and therefore it is deemed a stated account." (1 Story's Eq. Jur., sec. 526.) The same rule is laid down by Greenleaf. (2 Greenl. Ev., sec. 126.) The evidence above referred to brings the case fairly within this rule. And the account was undoubtedly final in character, and showed an indebtedness against defendant of a specific amount, and was sufficient in all respects to serve as the basis of an account stated.

The defendant contends, however, that even if this be so he is entitled to show mistakes in the account.

But an account stated becomes a contract. As was said by the court per Shafter, J., in *Carey* v. *Petroleum Co.*, 33 Cal. 697: "An account stated alters the nature of the original indebtedness, and is itself in the nature of a new promise or undertaking. (*Fossatt* v. *Allanson*, 2 Term Rep. 479; *Holmes* v. *De Camp*, 1 Johns. 36; 3 Am. Dec. 293.) Therefore an account stated with a new firm may include debts due to a former firm or to one of the partners. (*David* v. *Ellice*, 5 Barn. & C. 196; *Gough* v. *Davies*, 4 Price, 200.) An action upon an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties."

It follows that, as is the case with other contracts, the mistake must be put in issue by the pleadings. (*Auzerais* v. *Naglee*, 74 Cal. 60; *Terry* v. *Sickles*, 13 Cal. 427.) The pleadings here did not present any such question.

Furthermore, we cannot say from the evidence that there was any mistake.

Nor is the statute of limitations a bar to any part of the plaintiff's demand. The plaintiff and the defendant were partners in the use and earnings of the vessel. The finding is, that being each the owner of an interest in the vessel, it was agreed that the plaintiff "should take the charge and management of the said schooner W. F. March, and that the plaintiff should advance money to keep said schooner in repair and equipped for use, and to advance all necessary running expenses of said schooner, and to collect all earnings of said schooner and apply said earnings to his advances, and the surplus, if any, to be divided as follows: Three quarters to the plaintiff and one quarter to defendant, and if the earnings were not sufficient to pay the advances, then defendant was to pay plaintiff one fourth of the deficiency."

Here is a distinct agreement to share in the profits and loss arising from the use of the vessel; and such an agreement constitutes a partnership. (Civ. Code, sec. 2395.)

It is not necessary to say that the partnership extended to the ship itself as contradistinguished from its use. "Part owners of a ship do not, by simply using it in a joint enterprise, become partners *as to the ship*." (Civ. Code, sec. 2396.) But the use of a ship is distinct from the ship itself, and there may be a partnership in the use or earnings, although as to the vessel itself the parties are tenants in common. (*Merritt* v. *Walsh*, 32 N. Y. 689; *Bulfinch* v. *Winchenbach*, 3 Allen, 161; *Mumford* v. *Nicoll*, 20 Johns. 633; *Hinton* v. *Law*, 10 Mo. 701.)

The above finding is within the issues, for the defendant pleaded the statute of limitations; and this being denied by force of the provision of the code, anything which related to the issue so raised was proper to be examined. The evidence in our judgment sustains the finding. Indeed, it seems to have been the understand-

ing of the defendant that he was the partner of the plaintiff; for he says: "I never was satisfied with the account, *nor were either of the partners.*"

If such was the relation of the parties, it is manifest that the statute of limitations did not begin to run until the affairs were wound up and the balance due agreed upon between the parties, which was the result of the account stated.

We see no error in the admission of evidence.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.