[Civ. No. 1612.   First Appellate District.—September 29, 1915.]

## H. A. LANPHER, Appellant, v. B. F. WARSHAUER et al., Respondents.

PARTNERSHIP—FACTS CONSTITUTING.—An agreement upon the subject of engaging in a certain building venture, wherein the skill and labor of one of the parties was to be combined with the capital of the other, and that the profits and losses of the business were to be equally shared, satifies the code definition of a partnership, and must be held to constitute the parties copartners in the absence at least of an agreement, express or implied, that the partnership relation was not to be created thereby.

ID.—BREACH OF PARTNERSHIP AGREEMENT—RIGHTS OF PARTIES.—A partnership is not dissolved by the failure on the part of one of its members in some respect to perform his duty or obligation to it; nor does this party thereby lose his right to come into a court of equity and have an accounting and settlement of the partnership affairs.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Clarence N. Riggins, for Appellant.

Clarence Crowell, Clarence Reed, and De Lancey C. Smith, for Respondents.

RICHARDS, J.—This is an appeal from a judgment against the plaintiff and from an order denying a new trial in an action upon an alleged partnership agreement, and for an accounting and settlement of the partnership affairs. The principal question before this court is as to whether such partnership actually existed; and our conclusion upon that issue

will dispose of the other questions presented by the record on appeal.

The plaintiff's complaint set forth in substance that he is a builder and contractor by occupation, and that in the latter part of 1907 he and the defendant B. F. Warshauer, associated themselves together for the purpose of engaging in the building business, and dividing its profits and losses between them in equal shares, the plaintiff to give his personal attention, skill, and labor to the firm, and the said defendant, to furnish it with such capital as it should require; that the business of said firm was to begin by the erection of a house upon a portion of a lot owned by the defendant in Berkeley, which house, when erected, was, with such portion of said lot as was necessary, to be sold in the open market, and after the defendant had been reimbursed for the price of the land and such sums as he had expended in the cost of material for the building, the remainder was to be equally divided between them; that plaintiff performed his part of this agreement, but that after the house was completed the defendant refused to sell the same, but on the contrary, occupied it as his dwelling, and declared a homestead upon it, and also refused the plaintiff an accounting or other recompense for his work and labor expended upon the premises.

The answer of the defendant denies the existence of the agreement in the terms averred by the plaintiff, but alleges that there was an agreement between the parties differing in some of its details, but otherwise substantially the same as that stated by the plaintiff, in the respect that the house when erected was to be sold and the profits or losses divided equally between the parties. The defendant then proceeded to aver that the plaintiff during the course of the erection of the building had abandoned work upon it and thus forfeited whatever rights he had in the premises. He also presented a cross-complaint for damages for the plaintiff's alleged abandonment of the building before its completion. The existence of a partnership between the parties was also specifically denied in the answer.

The trial court in its findings substantially agreed with the plaintiff's averments and evidence and testimony as to the details of the agreement, and expressly found that the profits and losses of the undertaking were to be equally shared; but the trial court further found that no partnership existed be-

tween the parties, but that the agreement for the joinder of the plaintiff's skill and labor with the defendant's capital in the construction of the building in question was preliminary to the formation of a partnership between them for general building purposes in case the initial venture was successful. The court also found that the plaintiff did abandon work upon said structure before its completion and before any copartnership between the parties was formed, and that he thereby lost his right of recovery in this action. In that connection, however, the court further found that this conduct on the part of the plaintiff was without injury to the defendant; and it thereupon rendered judgment against the plaintiff on his cause of action, and against the defendant on his cross-complaint.

We have examined the evidence in this case carefully with a view to determining whether the finding of the trial court as to the nonexistence of a partnership between these parties is supported by any evidence, and we have failed to find such evidence. The court expressly finds that the parties to this action did agree upon the subject of engaging in a certain building venture, wherein the skill and labor of the one was to be combined with the capital of the other, and that the profits and losses of the business were to be equally shared. Such an agreement satisfies the code definition of a partnership (Civ. Code, sec. 2395; *Hendy* v. *March,* 75 Cal. 566, [17 Pac. 702]) ; and must therefore be held to constitute the parties copartners in the absence at least of an agreement, express or implied, that the partnership relation was not to be created thereby. The finding that there was such an agreement in the nature of an understanding that if the construction and sale of the first structure proved a financial success the parties were then to enter into a general business partnership, is entirely without any evidence to support it in the record which has been brought before us. The only two witnesses to the terms of the agreement between the parties were the plaintiff and the defendant. The former testified to the existence of a partnership from the beginning; and the latter explicitly asserted "that there was no agreement between said plaintiff and said defendant or either of them of any kind or character concerning the building of any house or houses on the remaining portion of said lot belonging to the said defendant B. F. Warshauer as aforesaid, or of any lot or lots what-

soever.'' This being the state of the record the finding of the court as to the existence of an understanding other than that to which it had found the plaintiff to have truly testified, must be held to be unsupported by the evidence in the case.

It follows that from the evidence in the case and the finding of the court other than that just adverted to, the legal deduction must be drawn that the relation of copartners existed and still exists between the parties to this action.

It is urged, however, upon the part of the respondent that, conceding the existence of such copartnership during the earlier stages of the work upon the premises in question, the plaintiff, by refusing to go on with said work, has waived or forfeited his right to come into a court of equity and have an accounting transaction and to relief in a court of equity. But we do not understand it to be the law either that a partnership is dissolved by the failure on the part of one of its members in some respect to perform his duty or obligation to it; or that he thereby loses his right to come into a court of equity and have an accounting and settlement of the partnership affairs (*Whitley v. Bradley*, 13 Cal. App. 720, [110 Pac. 596]).

We think the record in this case discloses the existence of a partnership relation between the parties to this action; and this being so it follows that the plaintiff is entitled to have an accounting and settlement of the partnership affairs and an equitable distribution of its assets. The question as to what shall be done with the homestead which the defendant has declared upon the premises is one with which primarily the trial court will have to deal upon a retrial of the case.

Judgment and order reversed.

Lennon, P. J., and Kerrigan, J., concurred.