[Civ. No. 5488. Fourth Dist. Sept. 17, 1957.]

LE ROY W. BOWEN, Respondent, v. VERNE D. VELLI-QUETTE et al., Appellants.

848

Ratelle and Forest and L. R. Forest for Appellants.

Harold L. Moss for Respondent.

MUSSELL, J.—This is an action for dissolution of a partnership, an accounting and injunction. Defendants appeal from the judgment distributing the assets of the partnership, claiming that plaintiff was not a partner who was entitled to share in the assets of the partnership on dissolution, and that plaintiff was not entitled to an accounting by reason of his failure to pay the sum of $7,500 to defendant Velliquette, according to the terms of the partnership agreement, and that the court erred in allowing plaintiff a 30 per cent interest in the partnership.

In March, 1952, defendants Verne D. Velliquette and Vernon L. Bowen (plaintiff's brother) purchased the premises known as The Chieftain Trailer Park in El Cajon, San Diego County. On April 1, 1952, Velliquette and Vernon L. Bowen entered into a partnership agreement in writing in which it was agreed that the trailer park was partnership property and that the title to the real property would be held in joint tenancy; that the share of each partner should be 50 per cent; that Velliquette had contributed capital in the

sum of $25,000 and that Bowen, who had not contributed any capital, was to devote his entire time and attention to said business; that in the event of a liquidation of the partnership, the assets, after payment of partnership debts, would be divded equally between the parties after first repaying Velliquette his capital contribution of $25,000.

These partners desired to make extensive improvements on the property and asked plaintiff, who was a building contractor living in Pacific Grove, to come to San Diego and help them with the construction work. Plaintiff arrived in San Diego on or about May 1, 1952, inspected the premises and met with his brother and Velliquette to make arrangements to do the work.

There is a conflict in the testimony as to the terms of the agreement entered into by the parties. Plaintiff testified that his survey of the situation indicated that the construction of 80 trailer spaces, comfort stations and roads, as contemplated, would involve a lot of money; that upon ascertaining that the parties had only approximately $15,000 available for the work and that the work would cost approximately $80,000, he proposed that the three enter into a partnership agreement and each share 33⅓ per cent; that the final agreement was that the partnership would be on the basis of 40 per cent interest in Velliquette and a 30 per cent interest in each of the two other partners; that he was to furnish his services and experience as a contractor and the use of his equipment in making the improvements to the property; that after the agreement was made, he promised to pay Velliquette $7,500 as an investment in the business; that it was agreed that he would put up the $7,500 at any time he could and that "there was no time involved on when he was to make the payment at all"; that he was informed by Velliquette that he could take this sum from his capital account as the account was increased.

Plaintiff and his brother did most of the construction work, completing 40 trailer spaces by November, 1952. They constructed comfort stations, completely fenced the trailer park, renovated lawns, built roadways and constructed a swimming pool. Plaintiff's wife collected rents, answered telephone calls and cooked meals for the partners. All money that was taken in from the trailer park was paid out in payments on the trust deeds on the property, utility bills, insurance, general maintenance and operational costs.

In April or May of 1954 there were many vacancies and about $3,000 in current bills that the trailer park could not meet. It was agreed that plaintiff should obtain work elsewhere until the trailer park could pay off the bills and raise additional capital to complete the last section of the trailer park. Plaintiff obtained outside employment but continued to come back and work at the trailer park on week ends until about April, 1955, when he was informed that he "was taken off the books December 31, 1954."

Defendants claim that plaintiff did not become a partner because he did not pay the sum of $7,500 to Velliquette and that plaintiff's membership in the partnership was contingent upon the payment of said sum. However, this was a question of fact for the determination of the trial court and plaintiff's testimony was corroborated by evidence that the business of the trailer park was carried on on a partnership basis. A certified public accountant was employed by the partnership. The books were set up by him on that basis and periodic statements were made and issued to each of the partners. Plaintiff continued for approximately two years to give his time and efforts to the improvement of the property and the operation of the business. The parties conducted themselves as partners, each had a drawing account, credit was given to plaintiff for materials furnished to the partnership and he was charged with withdrawals against this account. He was included as a partner in the partnership income tax returns and on partnership insurance policies. He contributed his earnings to the partnership.

Plaintiff testified that when he found out that his name was "taken off the books," he went to Velliquette and his brother, Vernon, and asked them for an accounting; that they agreed to a sale of the trailer park for $165,000 and that on the sale, the profits would be divided on a 40-30-30 basis; that the trailer park was sold without notice to him for the sum of $150,000 and the escrow was completed on March 2, 1956.

There was substantial evidence that plaintiff was a member of the partnership from 1952. While it appears that plaintiff did not contribute the sum of $7,500 to the partnership capital, it does not necessarily follow that the partnership did not exist (*Whitley* v. *Bradley*, 13 Cal.App. 720, 729 [110 P. 596]), nor does it appear that plaintiff lost his rights as a partner

by failing to pay the said sum. ██ ██ As is said in *Lanpher* v. *Warshauer*, 28 Cal.App. 457, 460 [152 P. 933]:

"But we do not understand it is to be the law either that a partnership is dissolved by the failure on the part of one of its members in some respect to perform his duty or obligation to it; or that he thereby loses his right to come into a court of equity and have an accounting and settlement of the partnership affairs (*Whitley* v. *Bradley*, 13 Cal.App. 720 [110 P. 596])."

It further appears that plaintiff was not notified of an intent on the part of the other partners to exercise his right of forfeiture nor was he given a reasonable time to comply with his obligation.

The trial court found "That the Chieftain Trailer Park was sold for the sum of $150,000.00 and that the net consideration received by the partnership on the sale consisted of a conveyance of real property described as Lots 17, 18, 19 and 20, in Block 39 of Middletown Addition in San Diego, as well as the sum of $87,560.99 of which sum $17,902.15 was by cash payment and the sum of $69,658.84 by way of a trust deed securing a note in said sum, received by the defendants on behalf of the partnership. That the other assets of the partnership consisted of the sum of $846.21 cash in the partnership, the sum of $311.00 which sum represented an overdraft on plaintiff's capital account and the sum of $500.00 chargeable to plaintiff for the return to him of certain partnership properties resulting in a gross total of $89,218.21; that deductible from said total sum of $89,218.21 is an item of expense connected with the sale of the Trailer Park in the sum of $356.00 leaving a grand net total of $88,862.21 for distribution to the partners but that before distribution of said sum as hereinafter set forth, there is first payable to defendant Velliquette the sum of $50,003.17 by reason of his advancements and the sum of $2,977.90 to defendant Vernon L. Bowen for his advancements and that plaintiff is chargeable with the sum of $311.00 overdraft and the further sum of $500.00 for certain property taken back after the sale of the Trailer Park herein set forth as a credit to the partnership assets and that by reason of the fact that no advancements to the capital account, in cash, was made by plaintiff Le Roy W. Bowen, he is entitled to share as a 30 per cent partner only in the net balance and that the net amount subject to distribution, according to the respective share of each partner in the sum of $89,218.21 less the advancements made in the

sums set forth or the sum of $35,881.14. That 30 per cent of said sum is $10,764.34, which is the gross amount of plaintiff's share, but he is chargeable with the sum of $311.00 overdraft as set forth and the further sum of $500.00 for property taken back, as set forth, leaving a net total of $9,953.34 as plaintiff's share with interest from March 1st, 1956, the date of sale of the Trailer Park and that in addition to said sum and interest plaintiff has a 30 per cent interest in the real property described herein.'' These findings are supported by the record.

Appellants' argument that the court erred in allowing plaintiff a 30 per cent interest in the partnership without ordering him to comply with his agreement to pay the $7,500 is without merit as it is apparent that if plaintiff had in fact paid the $7,500 as the capital investment, he would be entitled to a return of his investment as were the other partners before distribution was made, and the court in its findings deducted the capital investment of both Velliquette and Vernon L. Bowen before distributing the property.

The judgment is affirmed.

Griffin, Acting P. J., concurred.