Ralph Sjo, Plaintiff-Appellant, v. Floyd Cooper, Defendant-Appellee.
(No. 60812;

First District (5th Division)—June 13, 1975.

Harry Shriman, of Chicago (Shriman and Feldman, of counsel), for appellant.

Samuel Morgan, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

In 1972, plaintiff filed suit for a partnership dissolution and accounting. The trial court found that the partnership had been dissolved in 1969 and dismissed the complaint for want of equity and ordered a distribution of the assets of the partnership with plaintiff being awarded $1,000 and relieved of any further liability on a partnership mortgage. Plaintiff appeals contending that the finding was in error.

The facts pertinent to this appeal are as follows:

In 1960, plaintiff and defendant entered into an oral partnership agreement to construct a building and operate a restaurant. Defendant made available a tract of land located in Orland Park, Illinois, which needed to be filled and graded before it would be a suitable construction site. Plaintiff supplied the labor and materials necessary to achieve that purpose. Thereafter, the partners and their spouses executed a $20,000 mortgage at the Midlothian State Bank and used the proceeds to construct a franchised Dog N' Suds restaurant which opened in late 1961. The partners agreed to share all profits and losses equally and the agreement did not have a fixed term.

From 1961 to 1965 the partnership operated the restaurant and in 1966 leased the premises to other parties. From 1961 to 1963 Tillie Wischoever, under plaintiff's direction, kept the books and records and after 1963 Louis Britton, under defendant's direction, kept the books and records. At various times from 1961 to 1969 both partners loaned money to and withdrew money from the partnership, although defendant's loans and withdrawals were greater.

In April, 1968, plaintiff negotiated and the partnership signed a 5-year lease of the premises with Edward A. Moran, who put up a $3,500 security deposit and also agreed to purchase the restaurant equipment. In the following 7 months, Moran paid the partnership over $5,500 in rent and equipment purchase payments. All payments were made to defendant. In November, 1968, Moran defaulted on the lease, was evicted, and his security deposit forfeited. In late 1968, plaintiff initiated negotiations to lease the premises to Brown's Chicken, Inc., and then turned the negotiations over to defendant.

The partners gave contradictory testimony concerning events in 1969. Defendant testified that on three occasions he requested that plaintiff contribute additional funds to help meet mortgage payments and he offered carbon copies of two requests as proof. Plaintiff testified that additional funds had been requested only once and he had declined because defendant would not give him an accounting as to the money Moran had paid the partnership. Plaintiff further testified that on two other occasions he had requested, but did not receive an accounting. Defendant testified that he had sent an accounting, but offered no proof. Defendant had taken the money as repayment of his loans to the partnership. From December, 1969, to July, 1970, the partners did not communicate and defendant continued to meet all partnership obligations.

In June, 1970, defendant signed a 20-year lease with Brown's Chicken, Inc. In July, 1970, the partnership met and defendant stated that plaintiff's failure to contribute over the preceding 18 months had ended their partnership and plaintiff had no interest in the Brown's lease. Plaintiff then filed suit.

OPINION

Plaintiff contends that the trial court erred in finding that the partnership had been dissolved in 1969. He states that neither party's actions give rise to a dissolution. We concur.

■■ Under the Uniform Partnership Act (Ill. Rev. Stat. 1971, ch. 106½, par. 31) a partnership for no fixed term may be dissolved at the express will of either party. The dissolving party need not give any reason for his desire to end the partnership, but he must give *notice* of his intention

to do so. (*Salter v. Condon,* 236 Ill.App. 17.) A search of the record finds that at no time prior to July, 1970, did defendant give any such notice. In fact, defendant testified that he was conducting partnership business in early July, 1970.

Defendant contends that plaintiff's failure to contribute additional funds from April, 1969, to July, 1970, constituted a withdrawal from the partnership resulting in dissolution. While there are no Illinois cases on point, we note that the California courts, which are also guided by the Uniform Partnership Act, have found that a *partner's failure to contribute capital does not in itself constitute a dissolution. Bowen v. Velliquette* (1957), 153 Cal.App.2d 847, 851, 315 P.2d 95, 97; *Lanpher v. Warshauer* (1915), 28 Cal.App. 457, 460, 152 P. 933, 934.

Defendant relies heavily upon *Bluestein v. Davis,* 86 Ill.App.2d 61, 230 N.E.2d 61, and *Meyer v. Sharp,* 341 Ill.App. 431, 94 N.E.2d 510. Both cases are distinguishable from the case at bar. In *Sharp,* the partners gave contradictory testimony concerning a supposed dissolution by mutual consent and thus their subsequent actions were being viewed in an entirely different light than the case at hand. In *Bluestein,* the partnership operated the business and one partner completely withdrew his services from the everyday activities. His total withdrawal was considered a dissolution by express will. Here, in 1969, neither partner was active in the operation of the partnership business.

We, therefore, conclude that the partnership was not dissolved in 1969, but rather defendant's statement caused dissolution in July, 1970. The order dismissing plaintiff's complaint is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

BARRETT, P. J., and SULLIVAN, J., concur.