MARKER, Respondent, v. VAN GERPEN, et al., Appellants.

(Two Cases.)

(166 N. W. 151.)

(File Nos. 4237, 4242. Opinion filed January 18, 1918.)

1. **Appeals—Error—Rescission of Contracts—Evidence of Party's Mental Condition, Admission of, When Non-prejudicial.**

Conceding that evidence bearing upon mental condition of plaintiff at time she executed the transfer sought to be rescinded, was improperly admitted, it was without prejudice, where evidence showed she was entitled to a rescission regardless of her mental condition.

2. **Descent and Distribution—Sale by Surviving Wife, Rescission— Unconsciousable Representations by Heirs—Consideration, Gross Inadequacy, Effect—Rule—Evidence.**

Where, in a suit to set aside a conveyance by plaintiff of her interest in the estate of her deceased husband, evidence showed she was a woman of foreign birth, not well versed in knowledge of English, and of practically no business experience; that while physically weak and two days after her husband's funeral his children by a former marriage, without advising

her of her rights concerning the estate, or suggesting that she consult her children or a lawyer, took from her a release previously prepared by them of all her rights in her husband's estate in consideration of $2000 and a life lease of hotel property belonging to the estate; her rights including a claim for moneys she had entrusted to deceased, her right as widow to exempt property and to support, and her interest as heir, totaling in moncy value nearly $8000, beside her homestead right in property worth $2000 to $2500; rental value of hotel being some $40 per month; she covenanting to pay all taxes on the hotel, keep it in repair and insured; the writing providing that a breach of any of its covenants, or remarriage by her would work forfeiture of the lease; held, that trial court rightly rescinded the contract for transfer; since it could rest the decision alone, without consideration of other facts found, upon the rule of law that while mere inadequacy of consideration or inequality in a bargain is not per se a ground for rescission, equity will grant relief if the inadequacy is such as to demonstrate imposition so gross as to shock the conscience of the court.

**3.   Courts—Pending. Preferred Probate Claim—County, Circuit, Court, Jurisdiction, Whether Concurrent.**

Where plaintiff filed with defendant administrator her claim against an estate, being payable as preferred probate claim, which claim had not been presented by administrator to county court for action thereon at time of trial in the present suit by plaintiff for rescission of a contract under which she had transferred interests embracing the claim so filed, held, that the circuit court had no jurisdiction in the suit pending therein, to render judgment upon the claim so pending in probate proceedings. So held, notwithstanding plaintiff's theory that the claim in question was a trust fund in the hands of her husband, and therefore became no part of his estate subject to administration; the circuit court having properly found that the money constituting said fund had been converted by deceased and there was no evidence from which trial court could have traced it into any particular item of deceased's property. Held, further, that circuit court could not rightfully have granted the relief sought concerning said claim; and this regardless of plaintiff's right to seek such relief in said court where she had filed her claim as a creditor in county court; nor is the fact that county court had adjudged that administrator was holding said money as a trust fund, and that as such fund it was no part of the estate, available as conferring jurisdiction upon circuit court on the theory that county court could not order administrator to pay such fund to the beneficiary.

**4.   Executors and Administrators—Trust Fund Converted by De-
cedent, Whether a Probate "Claim," Necessity of Presenting—
Remedy of Cestui Que Trust.**

Where a trust fund, even in a changed condition, is trace-
able to certain property purchased therewith, the claim for
such fund is not a "claim" required to be presented in probate
court for allowance and approval of the administrator; but if
such fund becomes so mingled with and absorbed in trustee's
property as to be no longer capable of being traced or iden-
tified, the only remedy of cestui que trust would be that of a
creditor; and, if he had failed to present his claim as required
by probate law, he must fail in his action; while if traceable
and identifiable he may maintain suit against administrator to
enforce the trust.

Appeal from Circuit Court, Turner County.   Hon. ROBERT
B. TRIPP, Judge.

Action by Roy B. Marker, as general guardian of Henrietta
Van Gerpen, an incompetent person, against John Van Gerpen,
and others to rescind a contract and transfer of property by
plaintiffs' incompetent.   From an order following a judgment for
plaintiff, refusing a new trial, defendants appeal; and, from an
order of the court refusing to modify its conclusions, plaintiff
appeals. .Order affirmed.

*U. S. G. Cherry,* and *Herbert Abbott,* for Plaintiff.

*Bogue & Bogue* and *A. B. Carlson,* for Defendants.

(2) To point two of the opinion, Respondent and Cross-
Appellant cited:

6 R. C. L. "Contracts" 626; 10 R. C. L. "Equity" Sec. 72-
74, and cases cited; Allore v. Jewell, 94 U. S. 506.

(3) To point three of the opinion, Respondent and Cross-
appellant cited:

Probate Court v. Williams, 30 R. I. 144, 19 Ann. Cas. 554;
Connecticut Trust & Safe Deposit Co. v. Security Co. (Conn.)
35 Atl. 342; In re Belts Estate, (Wash.) 70 Pac. 74; Gunter v.
Janes, 9 Cal. 634.

(4) To point four of the opinion, Respondent and Cross-
appellant cited:

First National Bank v. Hummel, 14 Col. 259, 20 A. S. R.
257; Pennell v. Deffell, 4 De Gex. M. & G. 372; Knatchbull v.
Hallett. L. R. 13 Ch. Div. 696; National Bank v. Insurance Co.,

104 U. S. 54; Farmers' etc. Bank v. King, 57 Pa. St. 202, 98 Am. Dec. 215.

WHITING, P. J.    Frank K. Van Gerpen died intestate leaving as his heirs his widow, the real plaintiff herein, and his sons and daughters, defendants herein.    We will use the term "plaintiff" as referring to such widow.    Both the deceased and plaintiff had been married prior to their intermarriage.    Defendants were children of his prior marriage and were adults at time of his death.    Plaintiff had two children by her former marriage who were still living at the time of Van Gerpen's death and who were both adults.    Soon after Van Gerpen's death, plaintiff, by written instruments, transferred to defendants all of her interest in and to her late husband's estate, including both her interest as his heir and as his surviving widow.    She brought this action seeking a rescission of such transfer; seeking a money judgment against the defendant administrator for moneys she had intrusted to deceased; seeking to have her homestead rights ascertained, adjudged, and determined; and seeking a judgment determining her interests as heir.    The cause was tried to the court without a jury.    Findings were entered in favor of plaintiff.    The court concluded that she was entitled to the rescission prayed for; but that it had no jurisdiction to render a money judgment for the moneys which it found plaintiff had intrusted to the deceased.    The court, in its conclusions, wholly ignored the other prayers of plaintiff's complaint.    Defendants have appealed from an order refusing a new trial.    Plaintiff has appealed from an order of the trial court refusing to modify its conclusions.    These appeals have been submitted together.    Neither appeal has the slightest merit.

Defendant assigns as error the entry of certain findings of fact, the refusal to make other findings, and three rulings admitting certain evidence bearing upon the mental condition of plaintiff at about the time she executed the transfer sought to be rescinded.

- [1] We think the evidence was properly received; but, even if it were to be conceded that the receipt of same was error, it was error without prejudice for reasons hereinafter set forth.

[2] The court's findings are each and every one sustained by testimony that is clearly competent and defendants were not entitled to any different findings. In almost every respect the findings are supported by evidence that stands absolutely undisputed. No useful purpose could be subserved by reviewing such evidence in detail. It is sufficient, for the purposes of defendants' appeal, to note that, construing the evidence most favorably for them, the following facts are shown: Plaintiff was a woman of foreign birth, not well versed in knowledge of English, and of practically no business experience. She had intrusted to deceased what to her was a large sum of money, being money received from her former husband's estate and constituting her only individual property. Deceased was sick for quite a long period. Plaintiff cared for him and, at the time of his death, was physically weak. Both prior to and after his death she was much worried for fear that she might lose this money that she had intrusted to him. Both her and his children were with her on the day of the funeral. On that day defendants did not broach the matter of a settlement of the estate. She expressed a desire to go home with her daughter after the funeral; but defendants insisted that she remain at her home and she did. Two days thereafter defendants appeared at her home; brought up the matter of settling the estate; and, without advising her of her rights in and against the estate, or suggesting to her that she get her children there to advise her or that she consult a lawyer (though they themselves had taken legal advice), took from her writings (which they had had prepared by their attorney) whereby, in consideration of $2,000 and a life lease of a hotel property belonging to the estate, she relinquished all her rights in and against such estate. These rights included a claim for the moneys she had intrusted to deceased, her right as widow to exempt property and to support, and her interest as heir—amounting in all, in money value, to nearly or quite $8,000, besides her homestead right in property worth some $2,000 to $2,500. The rental value of the hotel was some $40 per month. She covenanted that she would pay all taxes on the hotel, keep it in repair and insured; and the writings provided that a breach of any one of such covenants or remarriage by plaintiff should work a for-

feiture of the lease. The only possible thing that could be urged on behalf of defendants in excuse for taking these unconscionable writings was that they may not have been aware as to just what plaintiff's legal rights in and against such estate were. But it is clear that, when they learned of the unconscionable nature of the transaction, instead of hastening to undo the wrong committed, they have sought to hold onto the benefits thereof. That the court did right in rescinding such transaction and leaving these parties exactly where deceased saw fit to leave them is too clear for argument or need of citation of authorities. The decision of the trial court could rest alone, without the consideration of any other fact found, upon the rule of law that, while mere inadequacy of consideration or inequality in a bargain is not, per se, a ground for rescission thereof, equity will grant relief if the inadequacy is such as to demonstrate a gross imposition—in other words, is such as to shock the conscience of the court. 10 R. C. L. 328. This rule was recognized by this court in Kinkaid v. Rossa, 31 S. D. 559, 141 N. W. 969, Ann. Cas. 1915D, 1098.

[3] Plaintiff presented to and filed with the defendant administrator a claim against the estate of deceased for the money intrusted to deceased. At the time of the trial of this action in the circuit court, such claim had not yet been presented by the administrator to the county court for action thereon, and the trial court rightfully held that it had no jurisdiction to render judgment upon a claim presented in the probate proceedings and not yet acted upon by the county court. After the circuit court had entered its conclusions, the county court adjudged that the moneys intrusted to deceased were a trust fund, and not a part of the estate of deceased. After such judgment of the county court, plaintiff moved the circuit court to modify its conclusions, and, in place of its conclusion that it could not render the money judgment, to conclude that the moneys intrusted to deceased were a trust fund held by deceased for benefit of plaintiff; that such fund was not a part of the estate of deceased and therefore not subject to administration; and that plaintiff was entitled to a judgment of that court directing and requiring the defendant administrator to forthwith turn over and deliver this fund with in-

terest to plaintiff.   The circuit court entered an order refusing to so modify its conclusions.   It is from this order that plaintiff appealed.   ·

[4]   We need only inquire whether the circuit court, under the facts found by it, could have rendered the judgment contemplated by plaintiff's motion.   It is the theory of plaintiff that, if this fund was a trust fund, it became no part of the estate of deceased subject to administration; that plaintiff did not need to present a claim, as for a debt, to the county court; and that it follows that she can, in a court of general jurisdiction, recover this trust fund.   The evidence showed, and the court in effect found, that deceased had none of this fund when he died.   This money had all been converted by deceased, and there was no evidence from which the trial court could have traced this money or any part thereof into any particular item or items of the property real or personal of which deceased died possessed—in other words, there was no property in the possession of deceased, at the time of his death, to which plaintiff as against her husband could have claimed title.   As stated in Gunter v. Janes, 9 Cal. 643, a case cited by plaintiff:

"The claimant of specific *property*, and not of a *debt*, cannot properly be called a *creditor*, within the meaning of the probate law."

And therefore, when one is able to trace a trust fund even into a changed condition—as where certain property is shown to have been purchased with such fund—the "claim" for such fund is not a "claim * * * which is required to be presented for the allowance and approval of the administratrix and probate court."   Roach v. Caraffa, 85 Cal. 436, 25 Pac. 22, also cited by plaintiff.   As to when a claim, based upon a trust fund that has been intrusted to a decedent, need be presented against his estate in the course of probate proceedings and as to when such a fund can be recovered as such in an ordinary action, is clearly set forth in this same case of Roach v. Caraffa.   In that case the court said:

"If there be a trust fund, and in the mutations of business it had become so mingled with and absorbed into the property belonging to the trustee as to be no longer capable of being

traced or identified, then the only remedy of the cestui que trust would be that of a creditor, and, if he had failed to present his claim as required by the probate law, he must fail in his action; but, if the trust property can still be 'earmarked,' or traced and identified, the cestui que trust may maintain his action against the administrator to enforce the trust; for he is seeking his own property only—not to enforce a claim against the estate and property of the decedent."

See, also, Meade County v. Welch, 34 S. D. 348, 148 N. W. 601, and cases cited therein.

It follows that, under the undisputed facts of this case, plaintiff's sole remedy was through the presentation, as a creditor, of a claim against the estate. Under the facts proven and found herein, her claim was a preferred claim and payable as such. The circuit court, under such facts, could not have rightfully granted the relief sought, and this entirely regardless of any question as to plaintiff's right to seek such relief in circuit court where she had filed her claim as a creditor in the county court.

Plaintiff has suggested, as a reason why the circuit court ought to have granted the relief asked, that, inasmuch as the county court has adjudged that the administrator was holding, as a trust fund, the money claimed, and as a trust fund would be no part of the estate to be administered, "the county court could not order an (the) administrator, who, as trustee, held the trust funds, to pay the same to the beneficiary of the trust." Plaintiff further suggests that, unless the circuit court does amend its conclusions as requested, another action will have to be brought in the circuit court to recover such fund. If we were to assume all the above to be true, yet it would hardly follow that a circuit court, for those reasons, should enter a conclusion and judgment not warranted by the facts. In any case we would hardly assume that, even if the county court could not make a valid order directing the administrator to pay over a trust fund in his possession as administrator, such administrator would refuse to make such payment and plaintiff would be required to bring an action to recover same. We assume that, unless the judgment of the county court is appealed from, the administrator will turn over to plaintiff, as a trust fund, the amount which the county court held to

be in such fund. We apprehend it makes little difference to plaintiff whether she receive this sum as a trust fund returned to her or as the amount of her claim as a creditor of the estate.

The orders appealed from are affirmed, without costs.