[No. 12706. Department One. — September 4, 1890.]

PHILIP A. ROACH, ADMINISTRATOR, ETC., APPELLANT, *v.* MARGARET CARAFFA, ADMINISTRATRIX, ETC., ET AL., RESPONDENTS.

ESTATES OF DECEDENTS — PRESENTATION OF CLAIM — MANAGING PARTNER — ACCOUNTING AND SETTLEMENT OF PARTNERSHIP — TRUST.— No claim need be presented against the estate of a deceased managing partner, for the allowance and approval of the administratrix and probate court, before bringing an action by the representative of a copartner against the administratrix of the deceased managing partner for an accounting and settlement of the affairs of the partnership, and for the delivery of certain property claimed to have been held in trust by the deceased managing partner for his copartner, who left the partnership business in charge of such managing partner.

ID. — CLAIM AGAINST DECEASED TRUSTEE — FOLLOWING TRUST FUND. — If a trust fund in the mutations of business has become so mingled with and absorbed into the property belonging to the trustee as to be no longer capable of being traced or identified, the only remedy of the *cestui que*

*trust* upon the death of the trustee is that of a creditor, and if he fails to present his claim as required by probate law, he must fail in his action; but if the trust property can still be ear-marked, traced, and identified, the *cestui que trust* may maintain an action against the administrator to enforce the trust, without presenting any claim against the estate of the trustee, since the *cestui que trust* in such case seeks his own property only, and not to enforce a claim against the estate and property of the decedent.

Action to Settle Partnership — Trust — Nonsuit — Accounting. — In an action by the representative of one copartner against the representatives of a managing partner for an accounting and settlement of the partnership, and to enforce a trust in property bought with partnership funds, a nonsuit should not be granted on the ground of want of evidence, after the plaintiff had made out a *prima facie* case, and had introduced evidence tending to show the existence of a trust; but the court should proceed to a further inquiry and an accounting.

Id. — Parties — Widow and Administratrix of Deceased Partner — Double Capacity of Defendant — Common Property. — In such action the administratrix of the estate of the deceased managing partner, who is also his widow, and into whose possession the alleged trust property came by operation of law charged with the same trust to which it was subject in the hands of her deceased husband, and who, upon her appointment as administratrix, inventoried and returned the trust property as property of the estate of her deceased husband belonging to the marital community, is a proper party defendant, both in her representative and in her personal capacity; she being a necessary party in her representative capacity in a proceeding to enforce the trust, and also a proper party in her personal capacity as claiming an interest in the property as the owner of one half thereof.

Id. — Evidence — Laches — Absence of Relatives — Action by Public Administrator of Deceased Partner. — In such action, brought by the public administrator of a deceased partner, it appearing that both of the deceased copartners were brothers, and that one of them had left the United States, committing the management of the partnership to the other, and had died abroad, evidence that none of the members of the family except the managing partner were in this country or came to it thereafter is admissible in favor of plaintiff upon the question of laches and the statute of limitations to show that the trustee was the only person in this country, other than the public officers having no knowledge of the facts, who was entitled to administer upon the estate of his brother, the *cestui que trust.*

Express Trust — Personal Property — Statute of Frauds — Parol Evidence. — An express trust relating to personal property need not be created by deed or writing, but may be established and continued by oral agreement or by the acts of the parties, and may be proved by parol evidence.

Id. — Resulting Trust in Real Property — Continuing Trust — Statute of Limitations — Repudiation of Trust. — If an express trust established in relation to personal property is made to affect real property, because of the act of the trustee in investing the trust money in land,

so as to create a trust therein by operation of law under sections 852 and 853 of the Civil Code, such investment does not change the character of the trust as an express trust, since a resulting trust, under section 853 of the Civil Code, may still be an express trust and a continuing trust; and the statute of limitations will not run against the *cestui que trust* in such case until repudiation by the trustee, brought home to the knowledge of the beneficiary.

Appeal from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Smith, Wright & Pomeroy, John A. Wright,* and *Edward B. Young,* for Appellant.

The motion for a nonsuit was improperly granted. The identity of the trust property was sufficiently established by the evidence. (2 Lewin on Trusts, 1st Am. ed., 893–895.) The evidence established an express, not merely an implied or involuntary, trust. (Civ. Code, secs. 2216, 2217, 2220–2224; 1 Pomeroy's Eq. Jur., sec. 152; 2 Pomeroy's Eq. Jur., sec. 1010.) As to personal property, an express trust need not be created by writing. (*Silvey* v. *Hodgdon,* 52 Cal. 363; *Zuck* v. *Culp,* 59 Cal. 142; *Day* v. *Roth,* 18 N. Y. 448; *Britton* v. *Lorenz,* 45 N. Y. 51; *Chapman* v. *Porter,* 69 N. Y. 276; *Gilman* v. *McArdle,* 99 N. Y. 451; 52 Am. Rep. 41; 2 Pomeroy's Eq. Jur., sec. 1008.) As to real property, no particular technical words need be used; even the words "trust" or "trustee" are not essential; any other words which unequivocally show an intention that the legal estate was vested in one person, but to be held in some manner or for some purpose on behalf of another, if certain as to all other requisites, are sufficient. (2 Pomeroy's Eq. Jur., sec. 1009, and cases cited in foot-notes; *Tobias* v. *Ketchum,* 32 N. Y. 327, 328, and citations.) Time begins to run against an express trust only when it is openly disavowed by a trustee who insists upon an adverse right or inter-

est which is fully and unequivocally made known to the *cestui que trust.* Statutes of limitation do not otherwise apply to express and continuing trusts. (*Speidel* v. *Henrici,* 120 U. S. 386, and cases cited; see also a note to the report of this case, as decided in the lower court, in 15 Fed. Rep. 759; *Janes* v. *Throckmorton,* 57 Cal. 368; Perry on Trusts, sec. 863, and cases cited; Wood on Statute of Limitations, sec. 200.) The administrator of Giovanni B. Caraffa holds the funds and property upon the same trusts as did the decedent. The trust funds and property constitute no part of the assets of the testator for distribution in probate to his creditors and heirs, though in the same heap. No presentation of a claim was necessary or proper, for the accounts between the trustee and *cestui que trust* could be settled only in equity. (*Theller* v. *Such,* 57 Cal. 460, 461, and cases cited; *In re Allgier,* 65 Cal. 228–230; *Bath* v. *Valdez,* 70 Cal. 350; *Barnard* v. *Wilson,* 74 Cal. 517; *Andrade* v. *Superior Court,* 75 Cal. 462. Confidently insisting that the present is a case of an express continuing trust, without the smallest evidence of a repudiation of the trust brought home to the beneficiaries, and therefore that the cry of laches cannot be raised, we furthermore urge that if any theory of laches can possibly be entertained in support of the nonsuit, then the court below certainly committed error in refusing to allow the witness Pietra Barreta to answer the question, Did Antonio Caraffa ever come to this country? Delay has been held not imputable as laches to bar relief in cases even of merely constructive trusts, where the beneficiaries are out of the country, or the defendant causes the delay, or where the parties are members of the same family. (Perry on Trusts, sec. 230, cases cited in foot-note 3.)

*Winans & Belknap,* and *J. B. Harmon,* for Respondents.

The claim of plaintiff is a money demand on contract, was not presented to the defendant administratrix, and therefore the action cannot be maintained. ( Code Civ.

Proc., secs. 1493, 1500; *Lathrop* v. *Bampton*, 31 Cal. 17; 89
Am. Dec. 141.) The trust fund, if any ever existed, can-
not be traced or identified, and plaintiff must rely on the
personal liability of Giovanni Caraffa, and should have
presented his claim to the administratrix. (*Lathrop* v.
*Bampton*, 31 Cal. 17; 89 Am. Dec. 141; *Rowland* v. *Mad-
den*, 72 Cal. 17.) No trust is established by the evidence;
no definite sum of money is shown to have been held by
Giovanni in trust for Domenico, or to have been invested
in any specific real or personal property. (*Ferris* v. *Van
Vechten*, 73 N. Y. 113.) If any trust is established by the
evidence, it is a constructive and not an express trust.
(*Trenouth* v. *Gilbert*, 63 Cal. 404; Civ. Code, secs. 852, 857;
*Bayles* v. *Baxter*, 22 Cal. 580; 2 Pomeroy's Eq. Jur., secs.
1009, 1044, p. 618, notes 1, 2; *Feeney* v. *Howard*, 79 Cal.
525; 1 Perry on Trusts, secs. 24, 82, 83, 166; *Knox* v. *Gye*,
L. R. 5 H. L. 656, 675, cited in 2 Pomeroy's Eq. Jur., sec.
1044, p. 618, notes 1, 2; 2 Pomeroy's Eq. Jur., sec. 1045;
*Ferris* v. *Van Vechten*, 73 N. Y. 113; Code Civ. Proc., sec.
1971.) The trust cannot be express under the pleadings.
The complaint alleges a "constructive" trust, and such a
trust is based on fraud, and no fraud is alleged or
shown. (*Feeney* v. *Howard*, 79 Cal. 528, 529; 1 Perry on
Trusts, sec. 166; Civ. Code, secs. 2217, 2224; 2 Pomeroy's
Eq. Jur., sec. 1044, p. 618, note 2.) This action is barred
by the statute of limitations. The cause of action ac-
crued more than four years before the commencement
of the action, and there has been a continuous adverse
possession for over five years. (Code Civ. Proc., secs.
318, 319, 322, 337, 338, 353; Wood on Limitations, 559,
cited in 63 Cal. 407; *McCracken* v. *City of San Francisco*,
16 Cal. 636; 1 Perry on Trusts, secs. 229, 230; *Thompson*
v. *Pioche*, 44 Cal. 509–517; *Polack* v. *McGrath*, 32 Cal. 15.)
If this were trust property that fact would not defeat the
operation of adverse possession, provided that the *cestui
que trust* had knowledge of the fact that the trustee
claimed to hold adversely. Here, the letters show that

Giovanni claimed the property as his own, and his acts and declarations are good evidence. (*Cannon* v. *Stockmon,* 36 Cal. 535–539; 95 Am. Dec. 205.) If any right of action existed during the lifetime of Domenico, as he died before the expiration of the time limited for the commencement thereof, this action should have been brought within six months after his death,—at all events within twelve months. (Code Civ. Proc., sec. 353; *Tynan* v. *Walker,* 35 Cal. 634, 644; 95 Am. Dec. 152.) Plaintiff cannot sue defendant as administratrix and as an individual in the same action and count. (Code Civ. Proc., sec. 427.) An action to recover real and personal property cannot be united in one complaint and count. Plaintiff cannot recover the legal title to real estate held by defendant in trust. (*Janes* v. *Throckmorton,* 57 Cal. 387.) The action is upon a stale demand. (*Kane* v. *Cook,* 8 Cal. 457; Angell on Limitation, sec. 11; *McKnight* v. *Taylor,* 1 How. 167, 168; *Green* v. *Covillaud,* 10 Cal. 317; 70 Am. Dec. 725; *Andrews* v. *Sparhawk,* 13 Pick. 400; 1 Perry on Trust, sec. 228.)

Fox, J.—Domenico Caraffa and Giovanni B. Caraffa, brothers, entered into business as partners, in San Francisco, in the year 1859. Shortly afterwards they sold a one-third interest in their business to one Raggio, and admitted him into the partnership, the business being continued, as before, in the firm name of D. Caraffa & Co. In October, 1865, Domenico, being in failing health, returned to Italy, where he continued to remain until his death, which occurred in November, 1874. It is claimed on the part of the plaintiff, who is administrator of the estate of Domenico, that when he, Domenico, went to Italy, the partnership was not dissolved; that he continued to retain his interest, his brother representing him, and as his trustee receiving from month to month his share of the profits of the business, and when so received holding it as his trustee;

out of his said share paying forty dollars per month for a man to work in the business in place of Domenico, remitting quarterly to Domenico, out of his said share, sums amounting to about one hundred dollars per quarter, and holding or investing the rest as he should deem best, for Domenico's benefit; and that this continued down to the time of Domenico's death. The evidence pretty strongly maintains this theory of the plaintiff.

In January, 1873, Raggio, with the consent of the other partners, Giovanni acting for Domenico, sold out his interest to the defendant, Guinasso, who was thereafter the third member of said firm. It is further claimed that upon Domenico's death, there was no person in this country entitled to administer upon his estate (except the public administrator, who had no notice or knowledge of the existence of such an estate), other than his said brother and alleged trustee Giovanni; that said Giovanni failed to disclose the existence of such estate, and neither administered upon the estate nor closed the affairs of the partnership, but continued to carry on the business of the partnership as before for some time, but finally changed the firm name to G. B. Caraffa & Co.; and that in that name the business was continued until October, 1882, when said Giovanni died, and subsequently the defendant Margaret Caraffa was appointed administratrix of his estate.

The action is for an accounting and settlement of the affairs of the partnership, and for an accounting for and of, and for the delivery of, the trust property remaining in the hands of Giovanni at the time of his death.

The defendants deny the allegations of the complaint, and plead laches and the statute of limitations.

At the close of plaintiff's case the defendants moved the court for a nonsuit, which was granted, and judgment entered accordingly, from which plaintiff appeals.

Plaintiff also moved a new trial, which was denied, and from this order an appeal is also taken. This brings up the evidence upon which the nonsuit was granted.

The defendant Guinasso does not appear to have joined in the motion. On behalf of Margaret Caraffa, both in her individual and representative capacity, the motion was made on the grounds: 1. That no claim had been presented against the estate of Giovanni B. Caraffa, and by reason thereof the action was barred by the provisions of sections 1493 and 1500 of the Code of Civil Procedure; 2. That the evidence failed to establish the existence of a trust in any fund or property in the possession of Giovanni at the time of his death; 3. That the evidence failed to identify any particular fund or property as coming into the hands of the defendant in her individual or representative capacity, under any trust; 4. That as to the real estate mentioned in the complaint, the claim of plaintiff was barred by the provisions of sections 318, 319, and 322 of the Code of Civil Procedure; 5. That the evidence failed to show that the action was commenced within the time or times limited by section 353 of the Code of Civil Procedure; 6. That the plaintiff cannot sue the defendant in both her representative and private capacity, in the same action and count; 7. That the evidence is insufficient to show that a trust was ever created in favor of Domenico Caraffa, his heirs or representatives, in any property which had come into the hands of the defendant.

. 1. The answer to the first of these points is, that the plaintiff does not stand in the attitude of creditor of the estate of Giovanni B. Caraffa. He is not seeking to enforce a claim as such, or for anything that belongs to the estate. The claim of plaintiff is, that certain property that was in the hands of Giovanni in his lifetime, and by reason thereof came at his death in the hands of the defendant as the survivor of the marital community of which Giovanni was the head, and was, upon her subse-

quent appointment as administratrix, inventoried by her as a part of his estate, but was held by Giovanni in trust for the estate of Domenico. Plaintiff attempts to "ear-mark" that property, and his evidence, it seems to us, goes far towards establishing the existence of the trust, and towards showing that certain of the real property designated was purchased with trust funds, and certain of the moneys found upon the death of Giovanni also constitute a part of the trust fund. The claim is not, therefore, one which is required to be presented for the allowance and approval of the administratrix and probate court.

If there be a trust fund, and in the mutations of busi-ness it has become so mingled with and absorbed into the property belonging to the trustee as to be no longer capable of being traced or identified, then the only remedy of the *cestui que trust* would be that of a creditor, and if he had failed to present his claim as required by probate law, he must fail in his action; but if the trust property can still be "ear-marked," traced, and identified, the *cestui que trust* may maintain his action against the administrator to enforce the trust, for he is seeking his own property only,—not to enforce a claim against the estate and property of the decedent. (*Lathrop* v. *Bamp-ton*, 31 Cal. 17; 89 Am. Dec. 141; *Sharpstein* v. *Fried-lander*, 54 Cal. 58; *In re Allgier*, 65 Cal. 228.)

2, 3, 4. As to these points we have examined the evidence with some care; it is of course only that offered on the part of the plaintiff, and is open to rebuttal; but as it now stands, it leaves no doubt in our minds of the creation of a trust, as early as the latter part of the year 1865, and that it was never closed during the lifetime of either of the brothers. At first, as far as the evidence discloses, the trust fund consisted wholly of money; but the evidence strongly tends to establish the fact that at a later period, as the trust fund accumulated, the trustee invested a portion of the fund then in hand in certain

real estate, in his own name, but confessedly, as it seems
to us, for the benefit of his brother. That real estate is
capable of identification, and is pretty clearly identified,
by writings made by Giovanni himself. It does not
appear to have consisted of an entire interest, but of an
undivided interest in the property. From the rents of
this, and from the dividends of the partnership business,
other trust funds, in money, came into the hands of the
trustee from month to month. By his own letters he
gives proof of its accumulation, and of the fact that he
had not invested, but had it ready for delivery on call.
In view of his sources of income, and of the investments
he had made, it is difficult to account for the large fund
secreted in coin about his premises, and by him kept
sacred and separate from the other funds, which he had
deposited in bank, upon any other theory than that
it was the property of his brother. We do not say that
the fact was established by the proof, but it makes a
strong *prima facia* case; so strong, at least, as that we
think that the court ought not to have granted the non-
suit, on the ground of want of evidence, at that stage of
the trial, but that it should have proceeded upon a
further inquiry, and an accounting.

5. The action, as against the defendant upon whose
motion this nonsuit was granted, is one wholly in rela-
tion to trust property, and for the enforcement of the
trust. The trust, if there was one, was created before
the adoption of the codes. It was an express trust,
within the meaning of section 6 of the Practice Act, and
related entirely to personal property. The provisions of
the code have not changed the character of the trust.
(Civ. Code, sec. 2216–2224.) Having been established in
relation to personal property, it did not need to be created
in writing, but could be proved by parol. (*Silvey* v.
*Hodgdon*, 52 Cal. 363; *Zuck* v. *Culp*, 59 Cal. 142.) Under
the code it could be created, and was continued, by the
acts of the parties, as shown by the allegation of the

complaint, and the evidence so far adduced. (Civ. Code, sec. 2219–2222.) If, now, it affects any real estate, as it presently appears to do, it has been made to do so because of the act of the trustee, and by operation of law under sections 852 and 853, Civil Code; but this does not change its character of express trust. A resulting trust, under section 853, may still be an express trust. It was not alone an express trust, but a continuing trust, and the statute of limitations would not run against the *centui que trust*, until repudiation by trustee brought home to the knowledge of the beneficiary. (*Ord* v. *De la Guerra*, 18 Cal. 67; *Schroeder* v. *Jones*, 27 Cal. 280; *Hearst* v. *Pujol*, 44 Cal. 230; *Janes* v. *Throckmorton*, 57 Cal. 368; *Zuck* v. *Culp, supra; Speidel* v. *Henrici*, 120 U. S. 386.) So far as the evidence now shows, no repudiation of this trust occurred until demand by this plaintiff upon this defendant, shortly before the commencement of this action,— at least none that was brought home to the notice of the beneficiary.

6. The defendant Margaret Caraffa is the survivor of a marital community, the deceased member of which was the original alleged trustee. As such upon his death, the alleged trust property came by operation of law into her possession, charged with the same trust to which it was subject in the hands of her husband. Upon her appointment as administratrix of the estate of her husband, she, as such, inventoried and returned the property as property of the estate of her deceased husband. It was therefore not only proper, but necessary, to make her a defendant in her representative capacity, in any proceeding brought to determine the question of trust. If, as she claims, there was no trust, and the property was properly returned as a part of decedent's estate, then, inasmuch as his entire estate, as seems to be the case, was community property of which she in her personal capacity is the owner of one half, subject to administration, she would seem to have such personal interest in the result

of the action as to make it at least proper, if not necessary, to make her a defendant in her personal as well as her representative capacity.   We think she was properly made defendant in both capacities.

7.  In the statement of the grounds of the motion for a nonsuit, it was conceded that a trust can be created by operation of law.   We have already cited both statute law and judicial decisions, showing that such a trust as that declared upon in this case may be created otherwise than by deed or writing, and proved by parol, and do not need to consider the question further.

On the case made we do not think it material, but it may become so on a new trial, and for that reason we notice one other point made by the appellant.   We think the court erred in ruling out the evidence offered on the question as to whether or not any other members of the Caraffa family came to this country after the death of Domenico.   On the question of laches and the statute of limitations, it might become important to show, as was proposed to be done, that Giovanni was the only person in the country (other than public officers who had no knowledge of the facts) entitled to administer upon the estate of his brother, the *cestui que trust.*

Judgment and order reversed and case remanded for new trial.

PATERSON, J., concurred.

BEATTY, C. J.—I concur in the judgment.   In view of what the evidence tended to prove, a nonsuit was improper.