[Sac. No. 2173.   Department Two.—March 31, 1915.]

## ALICE AMELIA EARHART et al., Appellants, v. CHURCHILL COMPANY (a Corporation), et al., Respondents.

STATUTE OF LIMITATIONS—ACTION TO ESTABLISH TRUST—FRAUDULENT PROBATE SALE—PURCHASE BY ADMINISTRATOR—COMPLAINT SHOWING CAUSE OF ACTION BARRED.—A demurrer to a complaint based upon the statute of limitations is properly sustained in an action by the heirs of a deceased person to establish a trust in real property formerly belonging to his estate, for the alleged fraud of the administrator in so conducting a probate sale of the property as to shut out competitive bidding, and his indirect purchase of it for his own benefit at less than its real value, where the action was commenced more than fourteen years after the sale took place and more than thirteen years after the deed to the administrator was recorded, and the complaint fails to show when the plaintiffs dis-

covered the alleged fraud, or to negative the presumption that they were *sui juris* at a time long enough prior to the filing of the complaint to allow the statute of limitations to operate.

Id.—Fraud of Guardian—Laches of Beneficiaries After Reaching Majority.—The fact that the administrator had also been the guardian of the plaintiffs, did not justify them, after coming of age, to shut their eyes to the fraud, if any had been committed.

Id.—Fraud Committed More Than Three Years Before Commencement of Action.—Where a complaint fails to state the time of the discovery of a fraud committed more than three years before the commencement of the action a demurrer based upon the statute of limitations will lie.

Id.—Involuntary Trust—Setting Statute in Motion—Repudiation Not Necessary.—By his conduct the administrator became a trustee of an involuntary trust, and it was not necessary for him to repudiate the trust in order that the statute should begin to run.

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

Jacob P. Wetzel, and W. H. Carlin, for Appellants.

James R. Tapscott, Tapscott & Tapscott, and James F. Farraher, for Respondents.

MELVIN, J.—On May 29, 1909, a complaint was filed in which the plaintiffs attempted to allege two causes of action one to quiet title to certain property in Siskiyou County, and the other based upon the asserted fraud of one Jerome Churchill as one of the administrators of the estate of Charles B. Boyes, deceased, in conducting a sale of the property involved to one Renner, who by a previous arrangement with said Churchill conveyed the land to him and to the Siskiyou County Bank. The sale was made after order of court in that behalf and the amount obtained was the exact sum necessary to cancel a mortgage on the property in which Jerome Churchill and the Siskiyou County Bank were the mortgagees. The date of said sale was December 21, 1895. It was alleged that before the death of said Churchill in 1908 he acquired the bank's title to the property and conveyed it to the Churchill Company, a family corporation of which he was a member. A demurrer to the second cause of action was sustained September 21, 1912, and on October 7th of

that year a "First Amended Complaint" was filed, seeking
to set up a cause of action based upon the alleged fraud.  A
demurrer to this complaint was sustained and plaintiffs fail-
ing to amend  their pleading, judgment was entered against
them.

It was alleged in the first amended complaint that Jerome
Churchill was at the time of his death in 1908 an adminis-
trator of the estate of Charles B. Boyes, deceased, and that
he had never been discharged from the office of guardian of
the minor heirs of said Boyes, to which he had been regularly
appointed.  It was also averred that no final accounting had
ever been made in either the guardianship proceeding or the
estate of Charles B. Boyes.

The probate sale was made at public auction and was con-
firmed by the court on January 11, 1896.  The alleged fraud
of Churchill was "that for the purpose of shutting out com-
petition in bidding at said sale, and for the purpose of pre-
venting other bids being made at said sale, other than his
own," he caused the sale to be called at "about the hour of
9 o'clock" of December 21, 1895.  It had been advertised
to take place at 10 o'clock, and "by reason of no competitive
bids the sum for which said premises were bid in was far
below the real and true value thereof."

It thus appears that the sale took place more than four-
teen years prior to the commencement of the action and
more than sixteen years before the filing of the first amended
complaint.  On  the  confirmation  of  said · sale  Jerome
Churchill, administrator, and Margaret Janes Boyes, widow
of Charles B. Boyes, and administratrix of his estate, exe-
cuted to the purchaser a deed which was recorded January
17, 1896.  Thereafter the purchaser gave his deed to the
property to Churchill and the Siskiyou County Bank, which
was also recorded on January 17, 1896, more than thirteen
years prior to the commencement of the action, and said
deed had been of record more than twelve years before
Churchill's death.  Margaret Jane Boyes continued the
administration of the estate of her deceased husband until
April 21, 1910, when she resigned.  It is to be noted that
Margaret Jane Boyes is not a party to the action in any
capacity and that since its commencement and before the fil-
ing of the first amended complaint she joined with six of her

children in a deed granting to the defendant all interest in the property involved.

Respondents call our attention to the further fact that the other children, appellants herein, have been of the age of majority at least since a time prior to November 27, 1903. (*Estate of Boyes,* 151 Cal. 145, [90 Pac. 454].) But we need not refer to the opinion in that case, in which, by the way, Mr. Churchill's conduct in the very transaction here attacked as fraudulent, is highly commended. Upon the face of the complaint itself the court was bound to sustain the demurrer. As we are not informed in the first amended complaint when John Ethan Boyes and Fannie Jane Pope or either of them reached majority, we are bound to assume, under familiar principles of pleading, that each was *sui juris* at a time long enough prior to the filing of the first amended complaint to allow the statute of limitations to operate if it be applicable at all. When a complaint fails to state the time of the discovery of a fraud committed more than three years before the commencement of the action a demurrer based upon the statute of limitations will lie. (*Sublette* v. *Tinney,* 9 Cal. 425.) From the complaint itself it appears that record evidence of Mr. Churchill's purchase of this property has been in existence for many years and there is no allegation that appellants were not at all times fully aware of the facts. Merely because he had been their guardian they were not entitled, after coming of age, to shut their eyes to the fraud, if any had been committed. Equity will not countenance stale claims and after the lapse of so much time will strictly scrutinize such bills as this and will send applicants for relief out of court unless they make a most meritorious showing of their right to the assistance for which they pray. (*Burke* v. *Maguire,* 154 Cal. 465, [98 Pac. 21] ; *Robertson* v. *Burrell,* 110 Cal. 578, [42 Pac. 1086] .)

But appellants contend that by his fraud Mr. Churchill became their trustee; that his possession was their own; and that consequently the statute could not run against their rights. The rule which they invoke and the authorities which they cite are applicable to express trusts—not to involuntary trusts. A trustee of such a trust need not repudiate it in order that the statute should begin to run. (*Hecht* v. *Slaney,* 72 Cal. 366, [14 Pac. 88] ; *County of Los Angeles* v. *Winans,* 13 Cal. App. 261, [109 Pac. 650] ; *Broder* v.

*Conklin,* 121 Cal. 288, 53 Pac. 699] ; *Nougues* v. *Newlands,* 118 Cal. 106, [50 Pac. 386].)    Section 338, subdivision 4 of the Code of Civil Procedure, was therefore applicable and was properly held by the lower court to be a bar to the action.    (*Unkel* v. *Robinson,* 163 Cal. 651, [126 Pac. 485].) The demurrer also specified sections 318, 336 (subdivisions 1 and 2), 343 and 1573 of the Code of Civil Procedure, so that in any view of the pleading the action was barred and the bar of the statute properly brought to the attention of the court.

All that has been written above has assumed that the fraud was sufficiently alleged.  Respondents contend with much force that the complaint failed to aver fraud with that particularity and clearness required in all bills of equity seeking such relief as is here prayed for.  But we need not go into that question as the cause of action, even if sufficiently set forth, is very clearly barred by the statute of limitations.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.