[L. A. No. 4247.   Department One.—May 8, 1918.]

## CONDE L. BENOIST, Appellant, v. EUGENIE BENOIST, Respondent.

LIFE ESTATE—PERSONAL PROPERTY—GIFT BY LIFE TENANT—ACTION BY REMAINDERMAN AFTER TERMINATION OF LIFE ESTATE—STATUTE OF LIMITATIONS.—Where, in an action to recover the possession of certain family portraits, the trial court found that they had been given by a written agreement to a brother of the plaintiff for his life, with remainder over to his oldest son, and, in the event of his dying without male issue, to the plaintiff or his eldest son (the donor and the plaintiff and his brother being parties to this agreement), and that the brother, who thus took the life estate in the portraits, made a gift of them more than twenty years later to his daughter, the defendant, who had not been a party to the original agreement but took "with knowledge of the agreement, and denying its validity, and claimed to be the owner of the portraits," and had them in her possession for more than eleven years and until after the death of her father, who died without male issue, whereupon suit was brought by the remainderman, and the defendant pleaded among other defenses the statute of limitations, the plaintiff's right of action accrued when the brother of the plaintiff (life tenant under the agreement) died without male issue, whereupon under the agreement the portraits were to go to the plaintiff.

ID.—IMMATERIAL FINDING—KNOWLEDGE BY PLAINTIFF OF DEFENDANT'S
POSSESSION AND CLAIM.—In such a case a finding that the plaintiff
knew of defendant's possession and claim of ownership was immate-
rial, and had no real bearing on the ultimate issue raised by the
plea of the statute of limitations, it being entirely immaterial
whether the plaintiff did or did not have knowledge of defendant's
possession and claim.

ID.—CLAIM BARRED AFTER THREE YEARS.—The plaintiff's right of action
in the instant case was barred by subdivision 3 of section 338 of the
Code of Civil Procedure, at the expiration of three years from the
time his right of action accrued, upon the death of his brother, the
life tenant, without male issue.

ID.—INVOLUNTARY TRUST—REPUDIATION UNNECESSARY.—The rule that
the statute of limitations does not begin to run in favor of a trustee
as against his beneficiary until there has been a repudiation of the
trust, and the adverse claim of the trustee has been clearly and un-
equivocally made known to the *cestui que trust,* applies to express
trusts only, and not to an involuntary trust raised by operation of
law.

NEW TRIAL—IMMATERIAL FINDINGS—WANT OF EVIDENCE.—A new trial
will not be granted for want of evidence to sustain immaterial
findings.

APPEAL from an order of the Superior Court of Los
Angeles County.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Fairbanks & Macfarland, for Appellant.

Chas. L. Benoist, for Respondent.

SLOSS, J.—In this action, which was brought to recover
the possession of seven family portraits, judgment went in
favor of the defendant.   The plaintiff appeals from an order
denying his motion for a new trial.

The trial court made findings as follows: Mrs. Eliza B.
Pallen was a sister of the plaintiff, Conde L. Benoist, and of
S. H. Benoist, the father of the defendant.   In 1877, Mrs.
Pallen, who was then the owner of the portraits in question,
made a written agreement with her said brothers, which pro-
vided, in effect, that she gave the portraits to S. H. Benoist,
with the understanding that they should, at his death, "go to
his oldest son, if he should have any," but, in the event of

his dying without male issue, the portraits should go to Conde L. Benoist, or his oldest son.   In the year 1899, S. H. Benoist made a gift of the portraits to his daughter, the defendant, who took them "with knowledge of the agreement, and denying its validity, and claimed to be the owner of the portraits." The plaintiff knew of defendant's possession and claim of ownership.   The defendant has had possession of the portraits since the year 1899, and has had them in her possession in the county of Los Angeles for eleven years or more, which fact was known to the plaintiff.   S. H. Benoist died without male issue on November 10, 1910.

As conclusions of law the court found that the agreement between Mrs. Pallen and her brothers was valid and binding; that S. H. Benoist violated this agreement when he made a gift of the portraits to the defendant; that a trust devolved upon the defendant when she came into possession; that the statute of limitations then began to run; that the action is governed by section 338, subdivision 3, of the Code of Civil Procedure, and that it is barred by the statute of limitations.

The motion for new trial was based upon the grounds of newly discovered evidence, and insufficiency of the evidence to justify the decision.   The showing made did not require the granting of the motion on the first ground, and the appellant makes no complaint on this score.

On the other ground, the attack is directed against the findings that the plaintiff knew of defendant's possession and claim of ownership.   The record is, in truth, devoid of any evidence tending to show that the plaintiff had such knowledge, and if these findings were necessary to the support of the judgment, the order appealed from could not be upheld. But, in view of the other facts found, it becomes entirely immaterial whether the plaintiff did or did not have knowledge of defendant's possession and claim, and the findings questioned have no real bearing on the ultimate issue raised by the plea of the statute of limitations.   The appellant takes his stand upon the rule that the statute of limitations does not begin to run in favor of a trustee as against his beneficiary until there has been a repudiation of the trust, and the adverse claim of the trustee has been "clearly and unequivocally made known to the *cestui que trust*."   (*Luco* v. *De Toro*, 91 Cal. 405, 416, [27 Pac. 1085].)   This rule applies, however, to express trusts only.   Where an involuntary trust is raised by

operation of law, no repudiation of the trust is required to set the statute in operation. The period of limitation begins with the commission of the wrongful act. (*Hecht* v. *Slaney*, 72 Cal. 363, 366, [14 Pac. 88]; *Broder* v. *Conklin*, 121 Cal. 282, 288, [53 Pac. 699]; *Baker* v. *Hurley*, 132 Cal. 21, 26, [63 Pac. 1071, 64 Pac. 480]; *Earhart* v. *Churchill Co.*, 169 Cal. 728, 731, [147 Pac. 942].) Here, as appears from findings which are not assailed, the defendant was not a party to the agreement upon which the plaintiff bases his claim, and she took the portraits as her own in antagonism to that claim, and denying its validity. It is not necessary to consider whether the court was correct in its conclusion of law that the statute began to run in 1899, when the defendant came into possession of the portraits. In any event, the plaintiff's right of action accrued when S. H. Benoist died without male issue, whereupon, under the agreement, the portraits were to go to the plaintiff. This event took place in November, 1910, which was more than three years before the commencement of the action. In any aspect, therefore, the action was barred by the provisions of the code section to which the court refers in its findings.

A new trial will not be granted for want of evidence to sustain immaterial findings. (*Haese* v. *Heitzeg*, 159 Cal. 569, 573, [114 Pac. 816].)

The order is affirmed.

Richards, J., *pro tem.*, and Shaw, J., concurred.