[Civ. No. 6431.   Third Dist.   Jan. 14, 1942.]

JESSICA M. SIEM, as Executrix, etc., Appellant, v. G. B. HJELM et al., Respondents.

Wm. N. Graybiel for Appellant.

Hawkins, Hawkins & Cardozo and E. H. Zion for Respondents.

THOMPSON, Acting P. J.—The plaintiff has appealed from a judgment which was rendered against her in a suit to establish an alleged trust in a fund which had been deposited in a bank pursuant to an order of court in a former action, and to require payment thereof to the estate of a deceased partner. The surviving partner, to whom the money was paid by order of court, is not a party to this suit. The court held that the present action is barred by laches and by the statute of limitations.

The appellant, Jessica M. Siem, is the widow of E. W. Siem, deceased, who died January 11, 1930. She was duly appointed as executrix of his estate. Prior to his death, Mr. Siem was engaged as a partner with Elmer Swanson in the business of buying and selling livestock. Swanson asserted his right, as a surviving partner, pursuant to section 571 of the Probate Code, to possession of the assets and property of the partnership pending the final settlement of the business. The executrix denied the existence of the partnership and refused to deliver the assets of that business to Mr. Swanson. He then brought suit against her to establish the partnership and to recover possession of the assets of the business pending its final settlement. During the trial of that case hogs and cattle belonging to the partnership business were sold for amounts aggregating the sum of $4,000. By order of court and by stipulation of the parties, the proceeds of said sales were first deposited with the clerk of court, subject to control of the court. Subsequently, the court made an order for the clerk to pay Swanson from that fund the sum of $1,500, which was

done. The court further ordered that the balance of that fund, which was determined by the court to be the sum of $2,055.78, should be withdrawn from custody of the clerk and deposited in a suitable bank to be selected "by agreement of the parties" upon plaintiff's furnishing a surety bond therefor. It was provided this fund was to be held in the bank "pending determination of the appeal in this action." The minute order of the court provided in that regard:

"It is ordered that plaintiff be permitted to withdraw $1500.00 from the money deposited with the clerk of the court in trust in this action, said $1500.00 to become the property of plaintiff, and it is further ordered that the balance of the trust fund in this action may be withdrawn upon plaintiff's giving a surety bond in the amount of said balance, with the understanding that the said balance is to be held in some suitable bank, agreeable to the parties, *pending determination of the appeal in this action.*"

Pursuant to that order the sum of $1,500 was paid to Swanson, and the balance of the fund was deposited in the Security State Bank of Turlock, in the name of G. B. Hjelm, as agent. He was one of the attorneys for the plaintiff.

In that suit, the court adopted findings favorable to the plaintiff, Elmer Swanson, holding that the partnership existed and that he, as the surviving partner, was entitled to the assets of the business pending the settlement of the affairs of the enterprise. On appeal from the judgment which was accordingly rendered in that suit, the decree was affirmed by this court June 27, 1932. (*Swanson* v. *Siem*, 124 Cal. App. 519 [12 Pac. (2d) 1053].) Assuming that the affirmance of that judgment constituted a release of the impounded funds and Swanson's right, as surviving partner, to possession thereof, pursuant to the order of court and the judgment which was pronounced, the balance of that fund was subsequently paid by G. B. Hjelm to Swanson or to others upon his request. The fund was entirely exhausted.

It appears that Swanson did not promptly settle the affairs of the partnership business or account to the executrix for the proceeds of sales received by him. Upon application of the executrix to the probate court in the matter of the estate of E. W. Siem, deceased, under section 571 of the Probate Code, a citation was directed to Elmer Swanson to show cause why he should not account to the estate for the assets and property of the partnership business in his possession. From

time to time that citation proceeding was continued without hearing. It appears that the proceeds of some sales of hogs and cattle were paid by the purchasers thereof to the executrix. July 8, 1933, Swanson brought another action against her, demanding an accounting and payment to him of all partnership assets in her possession. The executrix answered that complaint, joining in a demand for an accounting of the partnership property. The citation proceeding was consolidated for hearing with the last-mentioned suit for accounting. The consolidated cases were not finally determined until February, 1938. The accounting was held. It considered all receipts and disbursements of both parties to the controversy, including the funds which were impounded in the bank by order of court pending the determination of the first action on appeal. In that accounting suit the court found that partnership funds, aggregating the sum of $3,555.78, were deposited in the Security State Bank of Turlock, pursuant to order of court, and that:

"No accounting whatever has been made by said Elmer Swanson as to the disposition of said moneys deposited in said bank except as hereinbefore shown."

In the accounting this sum was charged to Swanson. After stating the specific debits and credits of the respective parties, the court finally held "that said Elmer Swanson is indebted to the estate of said E. W. Siem in the sum of $6960.91."

On April 25, 1938, two months after judgment was rendered in the accounting suit, this action was commenced by the executrix against G. B. Hjelm, Harold Hjelm, Hjelm & Hjelm, as attorneys at law, and Security State Bank of Turlock, to establish an alleged trust in the balance of the funds which were deposited in the bank as aforesaid and subsequently converted, and to require the defendants to pay that sum to the estate of E. W. Siem, deceased. To that complaint the defendants separately demurred on the grounds that it failed to state a cause of action and that the suit was barred by laches and by the statute of limitations. The demurrers were overruled and the defendants separately answered the complaint denying the material allegations thereof and pleading laches and the bar of the statute of limitations. In this suit the court adopted findings against the plaintiff, determining that she had actual or constructive knowledge of the withdrawal of the funds from the bank, and that this action is barred by laches and by the statute of limitations. From the

judgment which was accordingly rendered against the plaintiff to the effect that she take nothing by this suit, she has appealed.

We are of the opinion this suit is barred by the provisions of the statute of limitations. The surviving partner, Elmer Swanson, is not a party to this action. Neither is G. B. Hjelm, in whose name the money was deposited in the bank, a party *in his capacity as agent or representative of Mr. Swanson.* He and the other named defendants are made parties to this suit in their individual capacities only.

The partnership was dissolved by the death of E. W. Siem. (Sec. 2425, subd. 4, Civil Code.) The livestock business, however, was not terminated, since the affairs of the enterprise were not settled. (Sec. 2424, Civil Code.) The surviving partner, Elmer Swanson, having been placed in possession of the partnership business and assets by decree of the court in the first-mentioned action, pursuant to section 571 of the Probate Code, it became his duty to settle the affairs of the partnership "without delay" and to account to the executrix and pay to her the share of the proceeds to which the estate was entitled. For failure on the part of Swanson to comply with the last-mentioned section of the Probate Code, the executrix was authorized to and she did procure an order of the probate court in the estate of E. W. Siem, deceased, for him to show cause why he had not done so. The executrix was authorized to maintain an action against the surviving partner for an accounting of the partnership business which was continued by him after the death of E. W. Siem. (Sec. 2437, Civil Code.) That is precisely what she did by means of her cross-complaint filed in the accounting suit which was brought by Swanson against her July 8, 1933. This last-mentioned action and the citation to show cause, which was previously issued in the matter of the estate were consolidated and tried together. In that consolidated action the court held an accounting which included all transactions of the partnership business which occurred since the death of E. W. Siem, including the funds which were impounded with the clerk and the balance thereof which was deposited in the bank, and determined that Swanson was possessed of partnership assets in the sum of $6,960.91, which he was required to account for to the estate. That judgment was rendered February 1, 1938. Section 571 of the Probate Code authorizes the issuance of an attachment to compel a surviving partner to account for and pay to the estate of

his deceased partner the balance found to be due. The executrix is afforded a complete remedy to enforce payment and delivery from the surviving partner of all money and assets belonging to the estate.

The present action against strangers to the partnership, to establish an alleged trust and to enforce payment of the funds affected thereby to the executrix, is entirely distinct from the proceedings for an accounting between the representative of a deceased partner and a surviving one. The rule relied upon by the appellant that the statute of limitations does not commence to run until the accounts between partners are completely settled, has no application to the present case for the reason that this is not an action *between partners* and the status of their partnership accounts is in no way involved. In the case of *Freeman* v. *Donohoe,* 65 Cal. App. 65 [223 Pac. 431], which is cited by the appellant in support of her contention that the statute of limitations was tolled because the accounts of the partners had not been settled, quoting with approval from *Hendy* v. *March,* 75 Cal. 566 [17 Pac. 702], the court says at page 85 of the Freeman case, ''The statute of limitations does not run *between partners* until the accounts are settled and the balance agreed on.'' (Italics added.) This is not an action ''between partners.'' That rule does not apply to strangers to the partnership.

In this case the alleged trust created by depositing the money in a bank pursuant to the court order, was fulfilled and terminated by the express declaration of the court that it was to last only ''pending the determination of the appeal'' in that action. That appeal was affirmed six years before this action was commenced. The entire fund was thereafter promptly paid to or upon order of the surviving partner according to the provisions of that judgment which awarded him custody of the assets of the partnership business. ▪ It has been held that when a trust relation is terminated by settlement between the parties thereto, a suit founded thereon must be commenced within four years therefrom. (*Marston* v. *Kuhland,* 151 Cal. 102 [90 Pac. 188] ; *Knapp* v. *Knapp,* 15 Cal. (2d) 237, 241 [100 Pac. (2d) 759] ; 25 Cal. Jur. 270, sec. 131.) On principle, the same rule prevails when the trust relation, with knowledge of the plaintiff, is terminated by any other means. The statute then begins to run from that date.

▪ More than four years elapsed after the fund was exhausted before this suit was commenced. There is adequate

evidence of the knowledge of plaintiff regarding the nature of that transaction of impounding the fund in the bank and of its subsequent withdrawal by or under directions of Elmer Swanson. Her attorney in the present action represented her in a similar capacity in all of the suits and proceedings with respect to the partnership business and the probating of the estate of E. W. Siem, deceased. In authorizing the withdrawal of that fund from the custody of the county clerk, and directing it to be deposited in the bank *pending the determination of the appeal,* the court specifically provided that it should be deposited in a suitable bank ''agreeable to the parties,'' and then, only, upon Swanson furnishing a surety bond to secure its payment to the party entitled thereto. It was to remain in that bank until the appeal in that case was disposed of. We must assume appellant's attorney was fully informed of the details of that entire transaction, and that the fund was deposited and expended only in compliance with that order. He knew that the court determined, in that first action, that the impounded funds belonged to the partnership and that, as surviving partner, Swanson was entitled to possession of the assets of that partnership, including that fund, upon the affirmance of that judgment. That very fund was first deposited with the clerk by consent of the respective parties. Appellant's attorney represented her on the appeal of that case. He knew when that judgment was affirmed. No facts are alleged in the pleadings of this case which will toll the running of the statute of limitations. ■ Ordinarily, in a suit to establish a constructive trust, the statute of limitations begins to run from the date when the trust is created. (*Wrightson* v. *Dougherty,* 5 Cal. (2d) 257 [54 Pac. (2d) 13]; *Benoist* v. *Benoist,* 178 Cal. 234 [172 Pac. 1109]; *Earhart* v. *Churchill Co.,* 169 Cal. 728 [147 Pac. 942].) If the action be deemed to be one for wrongful conversion of a trust fund, the statute will begin to run from the actual conversion of the money, or when the claimant thereof had actual or constructive knowledge of that conversion. ■ In the present case, practically six years elapsed after the affirmance of the judgment which gave Swanson possession of the funds in question before this action was commenced. No sufficient excuse for that delay is shown. It follows that if, under any circumstances, the appellant might have had a valid cause of action to establish a trust against these defendants, that suit is barred by the statute of limitations. ■ If this suit be

deemed to be an action to recover specific personal property it is barred in three years by the provisions of subdivision 3 of section 338 of the Code of Civil Procedure. If it is an action to establish a trust in personal property and to secure an accounting therefor it is barred in four years under the provisions of section 343 of the same code. (*Easton* v. *Geller,* 116 Cal. App. 577 [3 Pac. (2d) 74] ; 25 Cal. Jur. 269, sec. 131.) In either event the statute of limitations expired long before this action was commenced.

The judgment is affirmed.

Tuttle, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 12, 1942.