[Civ. No. 17163.   Second Dist., Div. Two.   Dec. 9, 1949.]

MARJORIE ALICE SMITH COATES et al., Appellants, v. CLARYLIN GILMAN SMITH, Respondent.

A. G. Reily for Appellants.

Joseph Smith for Respondent.

MOORE, P. ▉ The question for decision is whether the general demurrer to the second amended complaint for the executrix's fraudulently appropriating $50,000 of bonds left by decedent should have been sustained without leave to amend where the complaint shows that the plaintiff had full knowledge of the existence of the bonds prior to decedent's demise and of the inventory filed by the executrix 14 years before the commencement of the action.

The original complaint in this action was filed October 6, 1947. By her second amended complaint appellant alleged the probate in 1932 of the will of her grandfather and the appointment of his widow, respondent, as executrix thereof and trustee of a trust created thereby; that respondent on May 24, 1932, filed an inventory of the property of the estate but failed to include in the inventory "valuable bonds in the sum of $50,000 . . . and fraudulently and designedly concealed all of said personal property from the notice, attention and consideration of the probate court . . . but fraudulently and wrongfully appropriated [them] to her own personal use and benefit."

Paragraph XIII alleged as follows: "That deceased during his lifetime acquired valuable bonds in the sum of to wit:— $50,000.00; and placed them in a locked safe box in a Bank in Hollywood for safe keeping until maturity and took plaintiff, Marjorie Alice Smith Coates, to said Bank, opened said box and showed her said bonds and told her that they were for her and that they were a part of the trust estate which he had provided for in his will and showed her that they were in the sums aggregating to wit:—$50,000.00; and also told her that the locked box in which said bonds were, was a joint box for himself and defendant, Clarylin G. Smith, and that she had a key to said box, and could open it when necessary."

Respondent demurred to the pleading on the ground that it did not state facts sufficient to constitute a cause of action, and was barred by the three, four and five year statutes of limitation as prescribed by sections 337(1), 338(1), (3), (4), and 343 of the Code of Civil Procedure. The demurrer was sustained without leave to amend and this appeal was taken from the ensuing judgment.

The allegations of paragraph XIII of the second amended complaint leave no doubt of appellant's knowledge of the existence of the bonds prior to the decease of her grandfather. She knew as well that respondent was appointed as executrix

of decedent's estate and had qualified as trustee of the testamentary trust estate without bond; that on May 24, 1932, she filed an ''inventory of the property belonging to the estate of said deceased,'' and had attached to it a sworn statement that it contained ''a true statement of all the assets of the estate of said deceased''; that such inventory included no bonds but listed only three promissory notes. Her knowledge of the bonds as imparted to her by her grandfather and the exclusion by respondent of all mention of them from the inventory left her no course other than to institute appropriate action to enforce her asserted rights. With appellant's knowledge of the facts constituting the alleged fraud, she is now precluded from commencing an action thereon 14 years after knowledge of the conversion. (Code Civ. Proc., § 338[4].) If this action be deemed an action to recover specific personal property, it is barred in three years by subdivision 3 of section 338. If it is an action to establish a trust in personal property or to secure an accounting therefor, it is barred in four years by section 343 of the Code of Civil Procedure. (*Siem* v. *Hjelm,* 49 Cal.App.2d 148, 154 [121 P.2d 87].)

From any view of the allegations a delay of 14 years after knowledge of the acts complained of bars appellant from all relief. ██ ''A demurrer raising the statute of limitations should be sustained if it appears from the face of the complaint that the cause of action is barred.'' (*Christina* v. *McLoughlin,* 18 Cal.App.2d 410, 412 [63 P.2d 1174]; *Lewis* v. *Security First National Bank of Los Angeles,* 58 Cal. App. 2d 827, 828 [137 P.2d 864].)

Judgment affirmed. ██ The purported appeal from the orders sustaining the demurrers to the amended complaint and the second amended complaint are dismissed as nonappealable.

McComb, J., and Wilson, J., concurred.